(28 Misc. Rep. 697.)

### In re McMAHON'S ESTATE.

(Surrogate's Court, New York County. August, 1899.)

TRANSFER TAXES—LIABILITY OF WIDOW.

    An executrix, who is the life tenant of the entire estate, and exempt from taxation as the widow of the testator, is not liable for the transfer tax on the remainders, but it must be borne by the beneficiaries.

Appeal from report of appraiser.

Proceeding by Asa Bird Gardiner, district attorney, to compel the payment of the transfer tax on the estate of Hugh McMahon, deceased. From an assessment the administrator appeals. Reversed.

Charles H. Otis, for appellant.

Asa Bird Gardiner, Dist. Atty., in pro. per.

FITZGERALD, S. This is an appeal from a decree entered in a proceeding brought by the district attorney to compel the payment of transfer tax. The appellant is the public administrator of Kings county, who was appointed administrator of Mary A. McMahon, the deceased widow of testator. Decedent died April 24, 1890, leaving a will by which, after providing for the payment of his debts, etc., and bequeathing a small legacy to a cousin, he devised to his wife all of his real estate for life, and after her decease directed the surviving executor to dispose of the same, and divide the proceeds in the manner specified. The wife and a friend were appointed executors. The co-executor of the wife never qualified. Consequently, upon the decease of the wife, it was necessary, in order to have the power contained in the will exercised, to apply to the supreme court, which was done, and the Mercantile Trust Company was appointed to carry out the direction contained in the will. This it did, and distributed the proceeds, but made no provision whatever for the payment of the transfer tax. The trust company was not made a party to the tax proceeding. By the decree entered therein, the public administrator, as administrator of the deceased executrix, was directed to pay the amount assessed against the interests of the remainder-men. From this direction the public administrator appeals. To the extent that his intestate was liable for the payment of the tax of these remainders only can the public administrator be held liable. The question resolves itself, therefore, into the liability of the deceased widow of the testator to pay the tax upon the remainders. The decision of Judge Ransom, in Re Beal Cockey, Sur. Dec. 1893, p. 182, is decisive upon this point. It was there held that the executrix, who was the life tenant of the entire estate, and exempt from taxation as the widow of the testator, was not liable to pay the tax upon the remainders, but that the same should be borne by the beneficiaries. I would suggest that, before the district attorney proceeds further in this matter, the trustee appointed by the supreme court to execute the power contained in the will should be made a party to the proceeding. The appeal is sustained.

Appeal sustained.