Matter of the Appraisal for Taxation of the Estate of Charles P. Daly, Deceased.

(*Surrogate's Court, Suffolk County, Filed February,* 1901.)

TRANSFER TAX—DECREE OPENED AND MODIFIED, MORE THAN SIXTY DAYS AFTER ITS ENTRY, WHERE A LEGATEE, EXEMPT FROM TAXATION, HAD NEVER BEEN NOTIFIED BY THE SURROGATE OF HIS DETERMINATION TO TAX ITS LEGACY—CODE C. P., § 2481, SUBDS. 6 AND 11.

Although a corporation and legatee, exempt by law from taxation, has been duly notified by a transfer tax appraiser of the time and place of the appraisal of the estate of the decedent who gave the legacy and has made default thereon, yet, where the corporation has not been subsequently notified by the surrogate, as required by the Tax Law (L. 1896, ch. 908, § 232), of his determination of the taxable value of the legacy, the surrogate may in the absence of *laches* entertain in his discretion an application upon the part of the corporation, made more than sixty days subsequent to the decree, to modify it, and may thereupon exempt the corporation from the transfer tax.

Petition by the New York Botanical Garden for modification of decree heretofore entered, assessing and fixing a tax on the estate of said deceased. The material facts appear in the opinion.

Addison Brown and Clifford A. Hand, for petitioner; Joseph M. Belford, for Comptroller of State of New York, respondent; Frederic D. Philips, for executors, respondents.

PETTY, S.—A decree was entered in the above-entitled matter on July 3, 1900, fixing, among other things, the value of the interests given by the will of said deceased to the New York Botanical Garden at $34,500.39, and the tax thereon at $1,725.02.

This was after the usual appraisal and report, and the proceeding was in all respects regular and according to law, up to and including the entry of the tax decree. The appraiser gave the usual notice to all persons interested in said estate, including this petitioner, of the time and place of his sitting to appraise said estate for taxation. The petitioner made no response to this notice, and no information was given the appraiser of any claim to exemption from tax on the part of the petitioner, and the decree was, therefore, entered on said report, taxing the petitioner's interest in the estate.

On January 22, 1901, the petitioner filed a petition claiming exemption from tax, and asking that the decree of July 3, 1900, be opened and modified so as to adjudge the interests bequeathed to it by said will not liable to the transfer tax, and upon the return of citation issued to the State Comptroller, county treasurer and executors, all parties appear in court. The executors have paid the tax in accordance with said decree.

The above facts are conceded by all sides. It is further conceded that the testator died on September 19, 1899; that

the law governing the taxation of his estate is chapter 908, Laws 1896, and its amendments, including those of 1899, or, in other words, article X of the Tax Law, exclusive of the amendments of 1900; that the petitioner first heard of the tax on its legacy some time in December last, and then only incidentally, and, further, that no notice was given the petitioner of the assessing and fixing of the tax on its interests in the estate, as required by section 232 of the Tax Law. It is also conceded that the petitioner was, at the death of said deceased, exempt from the transfer tax under its charter, and section 4, subdivision 7, and section 220 of the Tax Law.

It is claimed by the respondents, however, *first,* that the petitioner was made a party to the proceeding by virtue of the notice given under section 231 of the Tax Law, and that its right to appeal is, therefore, limited to the time mentioned in section 232 of said law.

*Second,* that having failed to appear before the appraiser and make claim of its exemption this petitioner should not be allowed to escape the results of its own *laches* in that respect by an application filed more than six months after the entry of the tax decree.

*Third,* that if by reason of having received no notice under section 232 the petitioner be held to be not a party to the special proceeding as prescribed in section 2569 of the Code of Civil Procedure, then it may appeal only within three months after the entry of the order, as prescribed in section 2572 of the Code.

In short the respondents submit that the petitioner is either barred by section 232 of the Tax Law, as a party, or by sections 2569 and 2572, of the Code of Civil Procedure, as not a party.

The question, therefore, simply concerns the rights of a legatee, which failed to claim exemption before the appraiser, to which no notice of assessment of tax on its legacy was given,

and upon its petition filed more than sixty days subsequent to the entry of the tax decree.

As a result of the argument the question presents itself in two forms, *first,* as an appeal, and, *second,* as a petition for review.

Much of the argument of respondents assumes this to be an appeal from the July decree as contemplated by the Tax Law. It is true that an appeal is limited by section 232 to " sixty days from the fixing, assessing and determination of tax by the surrogate." But the same sentence also adds " as herein provided." This seems to me to mean that upon all steps in the proceeding. being properly and legally completed, a party may appeal from the decree within sixty days. Here all steps were not properly and legally completed, for no notice was given the legatee that its legacy was taxed as required by law. Section 232 provides that the surrogate shall " forthwith, as of course, determine the cash value of all estates and the amount of tax to which the same are liable " and that he shall also " immediately give notice upon the determination by him as to the value of any estate which is taxable under this article to all parties known to be interested therein including the state comptroller."

It seems to me that the statute contemplates the doing of these two acts, *i. e.,* the entry of decree and the notification thereof at one and the same time, and that when this is done parties feeling aggrieved by the decree may appeal in sixty days.

To hold otherwise would be to ignore the notice of entry of the decree entirely. And this notice is expressly held to constitute one of the reasons for the constitutionality of the act itself. In Matter of McPherson, 104 N. Y. 306, at 322, the court says: " It is also provided, that, immediately after he has assessed the tax, the surrogate shall ' give notice thereof by mail to all parties known to be interested therein.' This

gives a further opportunity to the taxpayer to be heard. Upon receiving the notice, if he has had no prior notice or hearing, he may apply to the surrogate and ask for one, and it would be his duty to grant it. The proceeding is in court before a judicial officer and whatever a taxpayer can ask as a matter of constitutional right, it is the duty of the surrogate to grant."

And again at page 324: " So, in all of these modes we think there is sufficient provision for notice and hearing for all parties interested in the tax, and we have no doubt that the act secures to every taxpayer due process of law, so far as it is applicable to cases of taxation." Likewise in Matter of Estate of Wolfe, 137 N. Y. 205, at 213, it is stated: " The doctrine of notice is one which finds application when it is sought to tax the property of the citizen. When he is to be assessed it is essential that he shall be given an opportunity to be heard, to establish a demand against him."

To hold that the notice of entry of decree may be dispensed with where the first notice, that is, the notice by the appraiser of the time and place of his appraisal, has been given, is to do violence to the constitutional provision against taking property without due process of law. This follows since the notice given by the appraiser is simply a notice that he will at a given time and place appraise the estate, albeit for the purpose of taxation. In other words it is a notice of " valuation " which is given by the appraiser, while it is a notice of " taxation " which is given by the surrogate. It is not until the legatee receives the second notice that he is apprised of the fact that his property has been or will be taken.

To construe section 232 so strictly as to hold that a legatee exempt from taxation can have no relief from a decree taxing his legacy where he has received no notice of such taxation, unless he takes action within sixty days from the entry of such decree is to bar him from his constitutional right of a

day in court, for until he knows of a tax on his legacy he cannot complain of the same.

It is conceded that no notice of the taxation of the petitioner's interest was ever given. How then can he appeal from what he knows not of?

The only way in which section 232 can be construed and remain constitutional is to hold that the sixty days' limitation applies only when the entry of decree and the notice of the tax fixed thereunder are contemporaneous. When this is the case the appeal time is in fact sixty days from such entry, for such entry is simultaneous with the notice. In no court is appeal time set running till service of a copy of the order or judgment which may be appealed from. Where the entry of the tax decree and the notice of tax thereunder are not simultaneous the appeal time cannot begin till such notice be served. Otherwise we should have on the facts of this case a legatee in ignorance for sixty days after the decree of any tax assessed on its legacy, to which no notice of such assessment has been given, barred from claiming the exemption which admittedly exists without ever having had a day in court.

As to the question of the action by the petitioner being at variance with sections 2568 and 2572 of the Code of Civil Procedure, it appears that those sections govern cases on appeal from Surrogates' Courts to the Appellate Division, and not appeals to a Surrogate's Court from one of its own decrees. Code Civ. Pro., § 2570. The mode of appeal under the Transfer Tax Act must, moreover, be that appeal which the act itself specifies.

I am of the opinion, however, that this proceeding cannot be properly called an appeal. Section 232 of the Tax Law provides that an appellant must file his notice of appeal stating the grounds thereof. Thereafter it would be his duty to notice the appeal for argument in the usual manner. Here this was not done. The proceeding is rather an application

to the court to open and modify its decree for good cause shown. That a Surrogate's Court has this power is beyond question. Code Civ. Pro., § 2481, subds. 6, 11. A Surrogate's Court has the power of a court of general jurisdiction to vacate its decrees and may grant relief as in the Supreme Court, upon the application of any one for sufficient reason in furtherance of justice. Matter of Flynn, 136 N. Y. 287, 291; Matter of Salisbury, 24 N. Y. St. Repr. 413; Matter of Henderson, 157 N. Y. 423.

And this power was held to be incidental to the proper administration of justice by such courts. Farmers' L. & T. Co. v. Hill, 4 Dem. 41; Pew v. Hastings, 1 Barb. Ch. 454.

I have denied the respondents the privilege of going to the Code on the question of appeal, but must allow the petitioner to do so on the question under discussion by reason of the express permission given in the Tax Law itself. Section 229 thereof provides that "the Surrogate's Court . . . shall have jurisdiction to hear and determine all questions arising under the provisions of this article, and to do any act in relation thereto authorized by law to be done by a surrogate in other matters or proceedings coming within his jurisdiction."

Having, therefore, the power, the remaining question is whether the case presented is a proper one for the exercise of that power in the discretion of the court. Boughton v. Flint, 74 N. Y. 476, 482.

A decree of a Surrogate's Court will not be opened where the petitioner has been guilty of *laches*. Matter of Salisbury, 6 N. Y. Supp. 932. But here we are unable to find *laches* on the part of the petitioner. It clearly appears that both the appraiser and the executors have done their full duty. It is claimed that the petitioner should have appeared before the appraiser and claimed its exemption. Such action by legatees claiming exemption is undoubtedly the better practice and had this petitioner so done the appraiser would have undoubtedly

reported its legacies exempt, and this court would have confirmed such report. But I am unable to find anything in the statute which is prejudicial to a legatee in making an application of this kind, if such legatee refrains from such course. This follows from the fact that there is no obligation on the part of the legatee to appear before the appraiser in response to a notice which is of valuation only as contra-distinguished from a notice of taxation.

Having filed its application immediately upon learning of the imposition of the tax, the petitioner stands free from the charge of *laches* and with its legacies clearly exempted by law. The matter, therefore, is one calling for the action of a court which is empowered to correct the errors of its own decrees, and the July decree must be modified so as to exempt from taxation the legacies of the petitioner and the tax paid by the executors thereunder refunded.

Decree modified.