Inheritance tax on a money legacy cannot be deducted from the principal of a legacy given in trust for the benefit of one person for life. with remainder to another, as neither of these persons succeeds to, or has anything more than a legal right in, the fund, and from such right no such deduction can be made.

2. SAME—PAYMENT BY BENEFICIARIES.

Where a legacy is given in trust for life, with remainder to another, each beneficiary must pay his tax; and, failing payment, nothing can be sold but the right in the fund of the party making default.

3. SAME—LIFE TENANT—REMAINDERMAN.

The tax of a life tenant under a legacy in trust is payable from the income, but the tax of the remainder-man is presently payable by him,

unless he gives a bond to pay the transfer tax when he comes into actual possession of his beneficial interest.

In the matter of the accounting of Henry R. Hoyt and Alexander T. Mason, executors of Charles P. Daly. Objections by the New York Botanical Garden to payments made by the executor under the war revenue law and under the transfer tax law.

Frederic D. Philips, for executors.

Charles K. Carpenter, special guardian.

Robert D. Benedict and Addison Brown, for New York Botanical Garden.

PETTY, S. Under the objections the question for determination is from what source the taxes levied under the transfer tax law and war revenue law are to be paid. The will makes three bequests in which the botanical garden is interested: First, a legacy of $20,000 to the executors, as trustees, to pay the income to Rosalie Staples for life, reversion to the garden; second, a legacy of $20,000 to the executors, as trustees, to pay the income to Paul B. Du Chaillu for life, one-twelfth reversion to the garden; and, third, a legacy to the garden of one-twelfth of the residuary estate. The garden has been exempted from the payment of any transfer tax, but has been taxed under the war revenue law as follows:

|  | Value. | Tax. |
|---|---|---|
| Reversion in Staples' trust fund | $10,786 20 | $ 808 97 |
| Reversion in Du Chaillu trust fund | 999 05 | 74 93 |
| Residuary legacy | 15,345 53 | 1,150 92 |
|  | $27,130 78 | $2,034 82 |

The entire tax assessed against the garden has been paid by the executors, the amount thereof being obtained by deducting it from the garden's residuary legacy. To this the garden objects, claiming that the tax of $1,150.92 on the residuary legacy itself is alone deductible from it, and that the tax of $808.97 on the garden's reversion in the Staples trust and the tax of $74.93 on its reversion in the Du Chaillu trust should be deducted from the principal of those trusts, respectively. In other words, the claim of the garden is that the tax on its remainder is payable from the principal of the fund. The source of the payment of the tax on the life tenant's interests is also to be considered.

It is well settled that inheritance taxes are not taxes on property or on persons, but upon the "transfer" or "passing" of legacies or distributive shares. For the privilege to bequeath property, the state exacts a certain percentage thereof, which must be deducted before it reaches the hands of the beneficiary. U. S. v. Perkins, 163 U. S. 625, 16 Sup. Ct. 1073, 41 L. Ed. 287; Knowlton v. Moore, 178 U. S. 41, 20 Sup. Ct. 747, 44 L. Ed. 969; In re Swift's Estate, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709. The garden claims, therefore, that the tax assessed against it under the two trust funds should be deducted from those funds; citing, also, the New York tax law (sections 223, 224) and In re Hoffman's Estate, 143 N. Y. 327, 38 N. E.

311. I am prepared to agree with the position taken by the garden so far as ordinary money legacies are concerned, but am of the opinion that the rule of deducting the tax from the principal applies to such legacies only, and not to the principal of trust funds involving life estates and remainders. The only proper and legal test to be applied is to inquire what the legal method may be for the collection of these taxes when those whom the law charges with payment refuse to pay. Obviously, whatever method the law provides to enforce payment must show the legal manner in which payment may be made voluntarily. I find nothing in the state or federal statutes requiring the tax on the interest of the garden to be paid out of the principal of the trust funds. It is conceded that each beneficiary must pay his own tax. In the case of a money legacy, no question arises. The tax is deducted from it, and the balance paid to the legatee. It is clear, also, that the statutes contemplate but one rule for all interests, whether direct legacies in money, specific legacies, direct devises, or life interests in personal or real property. It is equally clear that there can be no actual deduction in case of life tenants and remainder-men, because neither are given a sum from which such deduction can be made. Section 224 of the state tax law provides that an administrator or executor having any legacy or property for distribution "shall deduct the tax therefrom." So much for money legacies, i. e., legacies payable once and for all to the legatees specified in the will. The same section, however, provides further, "If the legacy or property be not in money, he shall collect the tax thereon upon the appraised value thereof from the person entitled thereto," and the same provision is made for the tax on specific legacies and real estate. A sharp distinction is therefore drawn between money legacies and other interests. From the latter no deduction can be made, because there is nothing to deduct from. Bearing in mind that it is only what "passes" and what is "transferred" which can be considered, it follows that what passes to the garden is not money, nor a money legacy. The "transfer" to the garden is of a right to receive $20,000 at a certain time. What is "transferred" to the life tenant is the right to receive the income which may accrue on the $20,000 during her life. She gets none of the property or estate left by the testator, but something which accrues after his death. Each gets a right under the will, from which there can be no deduction. The collection of the tax on these interests must therefore be made in the manner prescribed for interests other than money legacies, and this is to collect the tax from the beneficiaries themselves. Section 224, supra.

I am aware that it has been held that the tax on the life interest is payable out of income, and the tax on the remainder out of principal (In re Johnson, 6 Dem. Sur. 146), and with so much of Surrogate Lott's opinion as provides for the payment of the life tenant's tax out of income I agree. I join with Surrogate Ransom, however, in his dissent from the view that the tax on the remainder is payable from the principal. In re Cockey's Estate, Sur. Dec. 1893, p. 182; In re McMahon's Estate, 28 Misc. Rep. 697, 60 N. Y. Supp. 64; In re Clark's Estate, 1 Con. Sur. 431, 5 N. Y. Supp. 199. To deduct

the tax on the interest of the garden from the principal of the trust funds, it must first be held that the trustees to whom the fund has been paid are legatees, and this is in fact the claim of the contestant. They are not, however, legatees, within the meaning of the statute. True, they have the legal title to the $20,000, just as direct legatees have the legal title to their respective legacies. But there is this distinction: Direct legatees have the legal title, and own the legacy, to do with as they will. The money is theirs as against all mankind. The trustees cannot do as they will with the trust fund, nor can it be applied to their own use. It is of no benefit to them whatever, but, rather, a burden. The legatee, within the meaning of the statute, is he to whom a legacy is payable once and for all, payment of which discharges all obligations as to that sum of money; and he may the next moment squander it, destroy it, do with it as he will, without fear of legal criticism. Not so with trustees. They take, it is true, the bare legal title, but for the sole benefit of others; nor can they hold such title beyond a specified time. Their legal designation is not "legatees," but, rather, "custodians." They are like plaintiffs in interpleader suits who apply to the court for advice, saying: "We are merely stakeholders of so much money. Various defendants each claim the fund. We have no interest therein, save to protect ourselves from litigation by making proper payment thereof, and ask the court to determine to which defendant we may properly pay." They are like agents designated by an absent landlord to collect the rents from his real estate. The testator denies this right to both the life tenant and remainder-man, but charges it as a duty upon the trustees. They are not the real parties in interest, nor are they in fact taxed. It would simplify matters much, and relieve the courts from much labor, if they could be regarded as legatees. If so regarded, the two notices required by the statute, without which the taking of the tax would be illegal (In re Daly's Estate, 34 Misc. Rep. 148, 69 N. Y. Supp. 494, citing In re McPherson, 104 N. Y. 306, 10 N. E. 685, 58 Am. Rep. 502), would be sent to them only. The life tenant and remainder-man would not be parties. Section 232, directing computation of the interests for life and in remainder by the insurance department, would be wholly nullified, and the $20,000 trust fund would be taxed at 5 per cent., and the $1,000 tax deducted therefrom the same, as if it were a direct legacy. It would be but an additional step to hold that every executor is a legatee of the entire personal estate of his testator, having the legal title thereto, and that he alone should be notified and taxed. The authority given the executor to enforce collection of the tax by a sale of the property, while it mentions the property as that "of the decedent" (section 224, supra), must be held to mean, not the property of the testator indiscriminately, for then property given to one exempt from tax might be seized in satisfaction. It must rather be held to mean the property of the decedent "passing" to each beneficiary. Upon the refusal of the life tenant, therefore, to pay the tax, the property subject to sale is her interest in the trust fund, or what "passes" or is "transferred" to her by the will. Likewise it is what "passes" to the remainder-man which is subject to sale. In neither case is it the actual property owned

by the testator at his death. Analogous cases are those involving the determination of the assessment of damages against real property held by a life tenant and remainder-man for improvements made under statutory authority. The general rule in these cases is well settled. Both life tenant and remainder-man are assessed according to the value of their respective interests in the property, not according to the value of the property itself, and each must pay his own tax. Should payment of such assessment be enforced against either by sale, it is the interest of each in the property which is subject to sale, not the property itself. To sell the property itself to collect the tax against one would be selling in part the property of the other. Chamberlin v. Gleason, 163 N. Y. 214, 57 N. E. 487.

The tax in this case should be enforced the same as if the $20,000 trust fund were a specific legacy or real estate. If a life use of 20,000 books were bequeathed to Mrs. Staples for life, remainder to the garden, the books could not be sold to pay either the tax on the life interest or on the remainder. The right to use the books for the life of the tenant could be sold, as could the remainder in the books; but the books, i. e., the principal, would remain intact. So of life interests and remainders in real estate. If either or both are taxed, sell the life estate or the remainder, as the case may be, to raise the tax, but never the real estate or principal itself. Thus one rule is provided for all cases, and one which is fair to all. In money legacies, deduct the tax from the legacy. In other interests, collect the tax from the beneficiaries, or sell their interests. In every case it is what "passes" that is taxed and subject to sale, whether under the state or the federal statute.

I conclude, therefore, that the tax on the life interests in the two trust funds is payable from the income accrued thereon, and that the tax upon the remainder interests is payable by the remainder-man; neither tax to be deducted from the principal of the trusts. I understand that the executors have proceeded on this theory, at least in effect. This conclusion, however, must not be taken as authorizing executors to deduct at their pleasure taxes on remainder-men's interests from direct legacies due such remainder-men. Under section 226 of the state law, the remainder-man has the right to elect whether he will pay his tax now, or when he comes into the actual possession of the principal. No statutory authority in fact exists for such a deduction at any time, the remedy being a sale of the interest in case the remainder-man neither pays the tax nor gives the bond. The same sale being provided for in the federal statute, the remainder-man must either pay, if the above conclusion is correct, or suffer a sale of his interest, and bear the costs and expenses in addition. The deduction and payment of the federal tax as made by the executors is therefore in the interest of the garden, and it can hardly complain at this time that its property was not sold for the payment of the tax; involving, as such procedure would, considerable loss to itself, in addition to its tax.

The objections to the form of the executors' account necessarily fail, under the above ruling. The account will therefore be approved as filed.

The objection to counsel fees was not insisted upon, and, in any ·event, I doubt the power of a court to control the future services of counsel. No direction, therefore, will be made in this regard.

As to the retention of part of the assets in the executors' hands for future contingencies, I deem it reasonable that they be allowed to retain something for working capital, in view of the large amount of assets on hand unconverted, and at present of nominal value, in case such assets should within a reasonable time become of some worth. The entire residuum, however, belongs to the residuary legatees, and ·such part as may be retained by the executors must be held by them in trust for such residuary legatees, with payments in any other direction to be made only on application to the court, and notice to such legatees. On such money, also, the executors must pay interest. They may retain the sum of $5,000. Settle all remaining matters on notice.

Decreed accordingly.