1. TRANSFER TAX—TRUST FUND.
   Under Tax Law (Laws 1896, p. 877, c. 908), § 230, as amended by Laws 1899, p. 100, c. 76, and the amendments of 1900, p. 1438, c. 658, transfer taxes on life interests and remainder interests in a trust fund are payable out of the capital, though the remainders are contingent.

2. WAR REVENUE TAX—PROPERTY SUBJECT.
   Federal taxes under the War Revenue Law of June 13, 1898, c. 448, § 29, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307], imposed on any person having in charge or trust any legacy or distributive shares, are payable from the capital.

3. TRUSTEE—LIABILITY FOR INTEREST.
   Where a trustee has not set apart securities to constitute a particular trust, but pays the life beneficiary interest at the same rate as that earned by the assets of testator in the hands of the trustee, he cannot be charged with any higher rate.

In the matter of the estate of Louis T. Hoyt. Proceedings in relation to the transfer tax. Decree rendered.

Edward W. Sheldon, for executor.
Carter & Ledyard, for A. Woodfield.
William E. Ver Planck, for Julia MacKinnon.
Howard Townsend and Richards & Heald, for Julia McD. Sabine.

THOMAS, S. Under the law as it existed prior to the amendments made to section 230 of the tax law (Laws 1896, p. 877, c. 908) by Laws 1899, p. 100, c. 76, the executor is clearly right in his contention that the tax to be imposed on the beneficiaries of the life estates was required to be paid from income. Matter of Hoyt, 37 Misc. Rep. 720, 76 N. Y. Supp. 504; Matter of Tracy, 87 App. Div. 215, 83 N. Y. Supp. 1049; Matter of Johnson, 6 Dem. Sur. 146. Under that law the beneficiaries of the life estate were also entitled to the income on the full amount of the trust fund, and the tax imposed on re-

mainder interests, even though vested, was required to be paid by the transferees of the remainders, or raised by sale of such remainders, and could not be deducted from the fund to which such remaindermen had no present title. Matter of Hoyt, 37 Misc. Rep. 720, 76 N. Y. Supp. 504; Estate of Beal Cockey, Ransom, S., 1893; Matter of McMahon, 28 Misc. Rep. 697, 60 N. Y. Supp. 64. Under that law, if applied to the trust estates created by the will of the testator, no tax on remainders could now be imposed at all, since each and every of the estates in remainder is contingent, and the persons who will eventually become entitled to beneficial enjoyment are not now ascertainable.

Section 230 of the tax law (Laws 1896, p. 877, c. 908), as amended in 1899 (Laws 1899, p. 100, c. 76) and 1900 (Laws 1900, p. 1438, c. 658), contained the following provision:

"When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happenings of any of the said contingencies or conditions, would be impossible under the provisions of this article, and such tax so imposed shall be payable forthwith by the executors or trustees out of the property transferred."

By this amendment the Legislature clearly "intended to change the law upon the subject, and to make the transfer tax upon property transferred in trust payable forthwith. The tax is not required to be paid by the conditional transferee, for by the provisions of the statute it is to be paid 'out of the property transferred'; so that whoever may ultimately take the property takes that which remains after the payment of the tax. This amendment makes provision for property transferred in trust." Matter of Vanderbilt, 172 N. Y. 69, 72, 64 N. E. 782, 783. "Each trust estate created is to be separately appraised, and the tax determined according to the percentage fixed by the statute for those who are contingently entitled to the estate; and, when fixed, the tax is forthwith payable out of the trust estate." 172 N. Y. 73, 64 N. E. 783. This statute applies to the trusts created by the will of the relator. The tax on each interest in the trust is to be computed, and the aggregate of the taxes due as to each trust is then to be paid out of the capital of the trust. The life beneficiary's interest is one of the trust interests the tax on which is so to be paid out of capital. This is precisely what was done in the Vanderbilt Case. The same scheme was attempted by an amendment made in 1897 (Laws 1897, p. 153, c. 284) to the same section, but which applied only "when property is devised or bequeathed in trust for persons in succession who are all liable to taxation at the same rate." In such cases absolute equity is done as between the life beneficiaries and remaindermen. The hardship to the life beneficiary which is involved if the remaindermen are taxable at 5 per cent. while the life interest is only taxable at 1 per cent. is pointed out and deplored in Matter of Brez, 172 N. Y. 609, 64 N. E. 958. The further hardship upon a life beneficiary in requiring her to pay out of her first income the full tax in advance upon moneys which she may not live

to obtain is now pointed out, and this will be avoided by the construction placed upon the statute in the Vanderbilt Case.

The tax under the Federal War Revenue Law of June 13, 1898, c. 448, § 29, 30 Stat. 464 [U. S. Comp. St. 1901, p. 2307] is imposed upon "any person or persons having in charge or trust, as administrators, executors, or trustees, any legacies or distributive shares," etc. The tax is made a "lien or charge upon the property of every person who may die," etc,, and the "executor, administrator or trustee, before payment and distribution to the legatees, or any parties entitled to any beneficial interest therein, shall pay" such tax. The payment must, therefore, be paid from capital. In adjusting the rights of the parties in interest as between each other, the rules of our state law have been applied to the federal tax, for the reason that these rules are based on equitable principles. Matter of Tracy, 87 App. Div. 215, 83 N. Y. Supp. 1049; Matter of Hoyt, 37 Misc. Rep. 720, 76 N. Y. Supp. 504. We should therefore apply to trust estates the rules laid down for trust estates under our present statute, and all federal transfer taxes on such trust estates should be paid out of capital.

The objections to the payments out of income for transfer taxes under the state and federal laws are sustained.

The objection to the rate of income on the $300,000 trust fixed by the executor in its account must be overruled. This trust has not been set up by appropriating any particular securities. The average rate of income received by the executor on all of the assets of the testator in its hands has been computed, and payments to the life-beneficiary have been made at that rate. No negligence on the part of the executor is alleged which would justify me in imposing a charge on it in excess of income received by it. No principle will permit me to cut down the income of others entitled to shares in the estate. The amount of this trust cannot be treated as a money legacy payable with legal interest. The rule adopted was an equitable one. Monson v. New York Security & Trust Co., 140 N. Y. 498, 35 N. E. 945; Duclos v. Benner, 136 N. Y. 560, 32 N. E. 1002.

Decreed accordingly.