In the Matter of the Estate of ALLEN G. CAMPBELL, Deceased.

No. 1486. (75 Pac. 851.)

1. **Wills: Construction: Intention of Testator.**
    In construing a will, the intention of the testator should guide the court in its decision.

2. **Same.**
    Where the intention of a testator in respect to a matter is clearly expressed, any subsequent expression in order to limit it must be clear and intelligent.

**3. Same: Bequeath.**

"Bequeath" is the term generally by which a gift of personalty is made in a will.

**4. Same: Legacy.**

The word "legacy" means the money or personal property bequeathed by will.

**5. Same: Specific Legacy.**

A specific legacy is something distinguished from the rest of the testator's estate, and it is sufficient if it can be specified and distinguished from the rest of the testator's estate at the time of his decease.

**6. Same.**

Revised Statutes 1898, section 2802, subdivision 1, provides that a legacy of a particular thing specified, and distinguished from all others of the same kind belonging to the testator, is specific. Testator's will directed that certain mines be not sold until his daughter should reach 21 years of age, but that, in case any of the mines were sold before his death, the money received therefrom after his death should be divided and paid over to the beneficiaries in certain proportions. Another clause provided that "the property herein specifically bequeathed shall be delivered" when his daughter should reach 21 years of age, and another clause provided that the "bequests" mentioned in the first clause should in no case be paid unless derived from the proceeds of the mines. *Held,* that moneys paid by the purchaser of one of the mines (the same having been sold before testator's death) should be divided pursuant to the first clause, since the proceeds of the mines were not in existence when the will was made, and the phrase "property herein specifically bequeathed" applied to the property in existence and owned by the testator at the time of his death, and which was specifically bequeathed.

(Decided March 10, 1904.)

Appeal from the Third District Court, Salt Lake County,—*Hon. W. C. Hall,* Judge.

Petition by Charles Rufus Campbell praying for the distribution of a certain fund to the beneficiaries under the will of deceased. From a decree ordering distribution, Eleanor Campbell, executrix, appealed.

AFFIRMED.

*John G. North, Esq.,* and *P. L. Williams, Esq.,* for appellant.

*Messrs. Sutherland, Van Cott & Allison* for respondent administrator.

*Andrew Howat, Esq.,* for respondent, C. R. Campbell.

BASKIN, C. J.—The last will and testament of Allen G. Campbell, a resident of the county of Riverside, Cal., and who died in said county on the 16th day of June, 1902, was duly admitted to probate in the superior court of said county on the 7th day of July, 1902, and Eleanor Campbell, his wife, was on said day, in pursuance of the provisions of the will, appointed executrix. A portion of both the real and personal property to which the will relates being in the State of Utah, a copy of the will and the probate thereof in said county duly authenticated, were filed; and the will was duly admitted to probate in the district court in and for the county of Salt Lake, State of Utah, on the 11th day of August, 1902, and on the same day William B. Stanley was duly appointed administrator, with the will annexed by said court. The will, after having directed certain groups of mines situated in Utah to be held for sale at specified prices until the testator's daughter Caroline Neil Campbell reached the age of twenty-one years, or, in case of her death before that time, until she would have arrived at that age, provides, in item 12, that "in case any or all of said properties are sold before my death, then the amount of money paid to me before my death, shall go into my estate, and the same shall not be paid over as the proceeds from the above mentioned properties herein directed to be paid over as hereinafter specified and mentioned. The money received after my death from each

of the said groups shall be divided and paid over as follows, to-wit:    Four-sixths of the net proceeds from each group shall be invested in United States government bonds, for the benefit of and to be owned by said three children by my wife, Eleanor; one-sixth shall be paid to my said son, Charles Rufus, and one-sixth shall be paid to my nephew, William B. Stanley, until six hundred thousand dollars have been divided and paid over from the first sales of said properties.''    The testator sold one of the aforesaid groups for $126,000, and there was paid to him $83,494.28.    Since his death the balance of the purchase price of said group, $42,505.72, has been paid to the said William B. Stanley, as administrator, and which he now has in his possession.    Charles Rufus Campbell, the son of the testator mentioned in the foregoing provisions of the will, on the 29th day of January, 1903, filed a petition in the district court of Salt Lake county, in which the foregoing facts, among others, were alleged and prayed for an order directing the $42,595.72 so paid to the administrator, less the inheritance tax due thereon, to be distributed to the beneficiaries thereof in the proportions directed by the will. The executrix, Eleanor Campbell, in her own behalf, and as guardian of her minor children, answered, denying that under the provisions of the will the said sum of $42,505.72 was subject to distribution until the said Caroline Neil Campbell became of the age of twenty-one years, or, in case of her death, until she would have reached that age.    William B. Stanley, the administrator, answered, and admitted the allegations of the petition, and joined with the petitioner in praying for the distribution of said sum.    A distribution in accordance with the prayer of the petition was granted.

It is provided in item 16 of the will that ''the property herein specially bequeathed or devised shall be delivered when my said daughter reaches, or would reach the said age of twenty-one years.''    It is clear from the provisions of item 12, when considered alone, that it was the intention of the testator that, in case he should sell

any or all of said mines, any money paid therefor after his death, as well as the proceeds of all or any of said mines sold after his death, should upon the receipt thereof, be divided, paid over, and invested as in said item directed.   The appellant contends that item 12 is qualified by item 16, and these two items, when considered together, show that the testator's intention was that no distribution of the proceeds of said mines should be made until his "said daughter reached, or would have reached, the age of twenty-one years."     As stated in the opinion of Chief Justice Shaw in Quincy v. Rogers, et al., 9 Cush. 291, "The intent of the testator . . . is the polar star which should guide the court in its decision."   Where the intention of the testator in respect to a particular matter is clearly expressed by the terms of the will, "any subsequent expression of intention by the testator must, in order to limit" the prior expression of intention, "be equally clear and intelligible, and indicate an intention to that effect with reasonable certainty." 1 Underhill on Wills, section 358; 29 Am. & Eng. Enc. Law (1st Ed.), 367-369, and cases there cited.   This is a well-settled rule.   It therefore becomes necessary in determining whether the subsequent provision of the will in question, before quoted, meets the requirements of this rule, to ascertain the character of the bequest or legacy in question.

In common acceptation, "bequest" and "legacy" are synonymous terms, but "bequeath" is the term generally by which a gift of personalty is made in a will, and a legacy is the money or personal property bequeathed.   The words "devise," "bequest," and "legacy" are not infrequently used in wills in a sense diferent from their strict legal meaning.   It is stated in the recent work of Page on Wills, section 2, that, "of the verbs used to denote the act of making a will, 'devise' is properly used of realty, and 'bequeath' of personalty.   Of the nouns used to name the various forms of gift, 'devise' is used of a gift of realty.   'Leg-

acy' is used of a gift of personalty in general. None of these words have so fixed a legal meaning, however, that a gift will fail because testator does not use the words descriptive of the gift or the act of giving with technical accuracy. A devise is often miscalled a 'bequest,' or 'bequest' is often used to include both realty and personalty, or is used of a gift of money alone. So the verb 'devise' is often used to refer to personalty alone." Subdivision 1, section 1357, of the California Code, approved March 21, 1872 (2 Deering's Code, p. 253), provides, "A legacy of a particular thing, specified and distinguished from all others of the same kind belonging to the testator, is specific." Subdivision 1, section 2802, Rev. St. Utah, 1898, is the same as the foregoing. In Estate of Woodworth, 31 Cal. 595, it is held that "a specific bequest of personal property is the bequest of a particular thing or money specified and distinguished from all others of the same kind, as of a horse, or money in purse." In Estate of Apple, 66 Cal. 437, 6 Pac. 11, the court, in reference to the subdivision of the California Code hereinbefore quoted, said: "Legacies are distinguished and designated according to their nature, as follows: A legacy of a particular thing, specified and distinguished from all others of the same kind, belonging to the testator, is specific." Mr. Underhill in volume 1, section 407, states that "a specific legacy is a gift of a particular thing or of money, specified and distinguished from all things, and which at the execution of the will is owned by the testator, as of a horse, or a piece of plate, or of money in purse, stocks of a corporation, and the like." In Harper v. Bibb and Falkner, Ex'rs, 47 Ala. 553, it is said: "A specific legacy is one that can be separated from the body of the estate, and pointed out so as to individualize it and enable it to be delivered to the legatee as a thing *sui generis*. The testator fixes upon it, as it were, a label by which it may be identified and marked for delivery to the owner, and the title to it, as a separate thing, vests at once on the death of the testator in the

legatee.   Innis v. Johnson, 4 Ves. Jr., 568, 573; Kirby v. Potter, Id. 748, and note 'a,' Sumner's Ed.   When such individualization is not affected by the language of the will, the legacy can hardly be said to be specific."   In Loring v. Woodward, 41 N. H. 394, it is said:   "A legacy is specific, as has been said, when it is a bequest of a specific article of the testator's personal estate, distinguished from all others of the same kind—as, for instance, of a particular horse, or piece of plate, money in a purse or chest, a particular stock in the public funds, or a bond or other security for money.   Stevenson v. Dawson, 3 Beav. 349; 1 Rop. Leg. 170; Wms. Ex. 993."   In Stevenson v. Dawson, 3 Beav. 348, the Master of the Rolls said:   "A specific legacy is something distinguished from the rest of the testator's estate, and it is sufficient if it can be specified and distinguished from the rest of the testator's estate at the time of his decease."   In 1 Underhill on Wills, section 405, it is stated that "the very essence of a specific legacy is absent in the above example, as the testator does not give articles specifically which may be readily identified as owned by him at the execution of his will."

No bequest or devise of the mines from which the proceeds in question were derived was made, and the only property, having any relation to said proceeds, owned by the testator at the time of his death, was a right of action for the unpaid balance of the purchase price of the mines sold by him in his lifetime; and that chose in action was not specifically bequeathed. Nor does the will contain any specific or general bequest which can be construed to include a chose in action.   No distributable proceeds of said mines were in existence at the time the testator died.   In view of these facts, and the authorities before cited, and the provisions of the California Code and Utah statutes upon the subject, notwithstanding the will provides in item 9 that the bequests in item 12 shall in no case be paid unless derived from the proceeds of said mines, the bequests or legacies in question are neither general, specific, nor

demonstrative, but are *sui generis*.  As the proceeds of the mines mentioned in the will were not in existence when the will was made, and the portion bequeathed could only arise, and as such become property, after the death of the testator, it is neither clear nor probable that he intended that the terms "the property herein specifically bequeathed or devised" should apply to the proceeds of the mines and limit his previously expressed intention.  On the contrary, the reasonable inference from these terms is that they were intended to apply to the property in existence and owned by the testator at the time of his death, and which was specifically bequeathed or devised.  We are therefore clearly of the opinion that the contention of the appellant is not tenable.

The judgment of distribution is affirmed, with costs.

BARTCH and McCARTY, JJ., concur.