[No. 2191]

## IN THE MATTER OF THE ESTATE OF JENNIE LEWIS, DECEASED.

[159 Pac. 961]

1. WILLS — DEATH OF DEVISEE — RIGHTS OF HEIRS — STATUTES — "DEVISEE"—"DEVISE"—"LEGATEE"—"LEGACY."

Under Rev. Laws, 6219. continued practically in the form in which it was enacted ·in 1862, providing that when any estate shall be devised to any relative of the testator and the devisee shall die before the testator, leaving lineal descendants, they shall take such estate as the devisee would have taken had he survived the testator, and in view of the specific use of the terms, "devises," "legacies," etc., in section 6205, and the specific and correct use of the words "devisee" and "devisor" in section 6220, and in the absence of an interchangeable or indiscriminate use of such terms in the statute, the words "devisee" and "devise" are not to be given the scope of "legatee" and "legacy," and do not comprehend the disposition of personal property; so that, where a will gave and bequeathed the residue of all property of testatrix to a relative and her daughter and the devisee predeceased the testatrix, the daughter was entitled to all the residue of the realty, and to one-half the residue of the personal property, but as to the other half of the residue of the personal property, the testatrix died intestate.

2. STATUTES—CONSTRUCTION—COMMON-LAW SENSE OF WORDS.

Where a statute uses a word which is well known and has a definite sense at common law, without specific definition, it will be presumed to be used in its common-law sense, unless it clearly appears that it was not so intended.

3. WILLS — CONSTRUCTION — "BEQUEATH" DISTINGUISHED FROM "DEVISE."

The word "bequeath" is generally used to express a gift of personalty made in a last will, and the word "devise" is a term generally used to express a gift of realty made by will.

4. STATUTES—CONSTRUCTION—TECHNICAL WORDS.

Technical words and phrases having peculiar and appropriate meaning in law are to be understood according to their technical import; but to such rule there is an exception where words are used to express convertible terms in a statute, and where a court, seeking to carry out the legislative will, applies to the terms the meaning that will give the most unrestricted scope to the enactment.

APPEAL from Second Judicial District Court, Washoe County; *R. C. Stoddard,* Judge.

In the matter of the estate of Jennie Lewis, deceased. Objections were filed to the amended petition for distribution, and from a final decree of distribution Delle B. Boyd, administratrix with the will annexed, appeals. **Decree affirmed.**

## STATEMENT OF FACTS

On the 24th day of June, 1914, Jennie Lewis, a widow, died, leaving an estate consisting of both real and personal property within the county of Washoe, State of Nevada. As to the disposition of this estate, she left a last will and testament, which last-named instrument was duly admitted to probate in the district court. The testatrix left no surviving husband, nor child, nor child or children of any deceased child; and, as appears from the record, her sole and only heirs at law were a sister, Elizabeth Johnston, a brother, Charles Johnston, and a nephew, Robert Johnston, the son and only heir of Robert Johnston, deceased brother of testatrix. The will of the deceased set forth several gifts, devises, and bequests to individuals, friends, and relatives; and section 17 of the instrument is as follows:

"All the rest and residue of my property, of every kind and character, wheresoever situated, which I may own or possess at the time of my death, I give and bequeath to Mrs. Hattie Cunningham and her daughter Hattie, residing at 2220 Webster Avenue, in the city of Mattoon, in the State of Illinois."

All matters and things essential to the due carrying out of the administration having been accomplished, the

administratrix with the will annexed filed her petition for the distribution of the said estate, and on the 28th day of May, 1915, filed an amended petition for distribution. In the said amended petition for distribution, it was alleged:

"That by the terms of said will Mrs. Hattie Cunningham is named as a residuary devisee and legatee, and, as this administratrix is informed and believes and alleges the fact to be, that the real name of the said devisee and legatee is Harriet B. Cunningham, and that she died prior to the death of the testatrix, Mrs. Jennie Lewis. That by the terms of said will, one of the residuary devisees and legatees named and designated therein as Hattie, the daughter of said Mrs. Hattie Cunningham, is, as this administratrix is informed and believes and alleges the fact to be, Mrs. Harriet E. Bailey, residing at No. 6845 Euclid Avenue, in the city of Chicago, State of Illinois; that she was sometimes called and known as Hattie Cunningham, and that she was known to the decedent by the name of Hattie, and that she is the only child and sole heir of said Harriet B. Cunningham, designated in said will as Hattie Cunningham. That this administratrix is informed and believes and alleges the fact to be that the said Mrs. Harriet E. Bailey is a second cousin of the said deceased, Jennie Lewis. That the next of kin of said Jennie Lewis, whom your petitioner is advised and believes and therefore alleges to be the heirs at law of said testatrix, are Eliza Johnston, a sister, residing at Sullivan, Moultrie County, State of Illinois; Charles Johnston, a brother, residing at Reno, Nevada; and Robert Johnston, whose residence is unknown, a son and only heir of Robert Johnston, a deceased brother of said Jennie Lewis, deceased."

Pursuant to the prayer of the petitioner for distribution, the court found and decreed:

"That the said Harriet E. Bailey, is entitled to have distributed to her, as a residuary devisee and as sole heir to the estate of Harriet B. Cunningham, all of the residue of the real estate belonging to the estate of said

Jennie Lewis, deceased. That she is entitled to have distributed to her one-half of the residue of the personal property belonging to said estate of Jennie Lewis, deceased. That by reason of the death of said Harriet B. Cunningham prior to the death of said Jennie Lewis, deceased, all the right, title, and interest bequeathed to her by said will as a residuary legatee of the estate of Jennie Lewis, deceased, lapsed, and the said Jennie Lewis, as to one-half of the residue of the personal property of her estate, died intestate."

Written objection having been filed to the amended petition for final distribution prior to the rendition of the decree, she appeals from said decree of distribution to this court.

*Hoyt, Gibbons & French,* for Appellants:

The words "devised" and "devisee," as used in section 6219, Revised Laws, should not be restricted to their narrow, old-time, common-law meaning, but should be given the later and more modern signification, including within their meaning the terms "legacy" and "legatee."

The purpose of section 6219, Revised Laws, was to prevent lapses, and the intention of the legislature was to prevent the lapsing of legacies as well as the lapsing of devises. The main purpose of the section was to prevent intestacy; and, if counsel for appellant is correct in his contention, we would be in the unavoidable position of enforcing the will as to all of the real property in the residuum and one-half only of the personal property, leaving the other one-half of the latter in the residuum to be distributed as though no will were in existence. The words "bequest" and "devise" are now used indifferently and interchangeably. (*Borguer* v. *Brown,* 133 Ind. 391, 33 N. E. 92; *Rountree* v. *Pursell,* 11 Ind. App. 522, 39 N. E. 747.) The rule prevails in the interpretation of statutes as well as of wills. (*Evans* v. *Price,* 8 N. E. 857; *People's Trust Co.* v. *Smith,* 82 Hun, 494, 31 N. Y. Supp. 522; *In Re Campbell,* 75 Pac.

853; *People* v. *Petri,* 61 N. E. 499; *Logan* v. *Logan,* 17 Pac. 99.)

*James T. Boyd,* for Respondents:

The entire act concerning wills (Rev. Laws, 6202–6222) shows an accurate use of legal terms, the words being used in their strict legal signification. Under the common law, and all rules of definition, the term "devise" means "a disposition of real property contained in a man's last will and testament." (2 Blackstone, 372; Anderson's Law Dictionary, 353.)

The courts will construe and define words in their ordinary meaning, unless it clearly appear that a different intention existed. "Where a statute uses a word which is well known and has a definite sense at common law, without defining it, it will be presumed to be used in that sense, and will be so construed, unless it appears that it was not so intended." (Sunderland, vol. 2, sec. 398; *In Re Ross,* 140 Cal. 283.)

Unless it clearly appear that the legislature used the terms "devise" and "bequeath" interchangeably, or that they were intended to have a different meaning from that ordinarily given them, the court will give them the definition which they have in law. (*Lasher* v. *Lasher,* 13 Barb. 106; *Logan* v. *Logan,* 17 Pac. 99; Woerner, vol. 2, sec. 413.)

The most casual examination of the entire statute relating to wills will convince the court that the legislature used the language in its exact meaning; and under well-established rules, universally followed by all courts, the word "devise," as used in the statute, refers solely to lands.

By the Court, McCARRAN, J., after stating the facts:

1. It may, we think, be properly stated that but one question is presented in this appeal, and that a question of construction and application of a statutory provision.

The law of this state concerning wills was enacted by the legislature of 1862, and, with but one slight

exception, has remained since unamended, and is handed down to us in our Revised Laws practically in its original form and verbiage. Our law in this respect is found from sections 6202 to 6222, inclusive, Revised Laws of 1912. It is with section 18 of the act (section 6219, Revised Laws) that we have to deal in the matter at bar:

"When any estate shall be devised to any child or other relation of the testator, and the devisee shall die before the testator, leaving lineal descendants, such descendants shall take the estate so given by the will, in the same manner as the devisee would have done if he would have survived the testator."

Under the provisions of this statute, we are asked the question: Did Harriet B. Cunningham, or Harriet E. Bailey as she is now known, as the daughter of Hattie Cunningham, deceased, a beneficiary under the will of Jennie Lewis, take that part of the residue of the estate of Jennie Lewis consisting of personal property which would have passed to her mother had the latter survived the testatrix?

Appellant here, while admitting that the word "devise," or "devised," as used in the statute at common law and in ordinary acceptation, applies to real property, yet contends that what they term a "more modern meaning" should be applied, so that the term should also comprehend the disposition of personal property. In other words, appellant takes the position that the words "devised" and "devisee" should be given such a scope of meaning as to include that comprehended by the words "legacy" and "legatee." In furtherance of the contention they refer us to a line of decisions where courts have announced that view.

In the case of *Rountree, Administratrix,* v. *Pursell et al.,* 11 Ind. App. 522, 39 N. E. 747, it was held that the word "devise" usually relates to real estate acquired through a will; that it is a gift by will of real estate, and cannot be applied with legal precision to personal

property. A bequest, on the other hand, is a gift by will of personal property; but, says the court:

"In order to favor the manifest intent of the testator, * * * the courts often construe the word 'bequest' to mean 'devise,' and 'devise' to mean 'bequest.' "

The reasoning there followed by the court might have proper application where, as in the State of Indiana, the legislature had used the terms "devise" and "bequeath" or "bequest" and "devise" more or less indiscriminately or interchangeably, at least to such an extent that the court was justified in saying that:

"Whilst some confusion exists in the terms used, we think it clear that the enactment governs the descent of real estate as well as the distribution of personalty. This much is clear: That when personal property has reached that point when the law undertakes to divide it among the persons entitled to it, it shall be divided in the same manner and into the same parts, and to the same persons that real estate is divided when it descends. We have no other statute in this state regulating the distribution of the surplus of the estate of an intestate. And we have no other enactment regulating the descent of the real estate of an intestate. Descent and distribution are combined in the same act."

In the case of *Logan* v. *Logan,* 11 Colo. 44, 17 Pac. 99, the Supreme Court of Colorado had under consideration the question here presented, and there held that "legacies and bequests" as used in the statute embraced "devises." It will be noted, however, that the court in arriving at this conclusion did so by reason of the acts of the legislature of the State of Colorado and an indiscriminate use of the terms by that body. The court said:

"Our legislature has not always used these words in their strict legal sense, which fact of itself would authorize us to inquire in what sense they were employed in the present instance. Section 3481, Gen. St., empowers testators to devise all their estate in 'lands, tenements, hereditaments, annuities, or rents

charged upon or issuing out of them, or goods and chattels and personal estate of every description whatsoever, by will or testament.' "

The court concludes its reasoning in the following:

"No violence is done by giving the words referred to the enlarged application which the authorities above referred to hold to be admissible, and which the framers of these statutes have themselves applied."

What was the intention of our legislature when it used the words "devised" and "devisee" in section 6219?

It will be noted that in section 4 of the act (section 6205, Revised Laws, 1912) the terms "devises," "legacies," and "gifts" are specifically made use of. In section 19 of the act (section 6220, Revised Laws, 1912) we find the legislature making specific and correct use of the words "devisee" and "devisor." Nowhere in the act do we find an interchangeable or indicriminate use of the terms here referred to, but in each instance the terms appear to be correctly used, and used in the same sense as was customary at common law.

2. Where a statute uses a word without specific definition which is well known and had a definite sense at common law, it will be presumed to be used in its common-law sense, and will be so construed unless it clearly appears that it was not so intended. (2 Lewis's Sutherland, Stat. Const., 757, 2d ed.)

3. It will not be gainsaid, we apprehend, that the word "bequeath" is one generally used to express a gift of personalty made in a last will or testament. The word "devise" is a term generally used to express a gift of realty made by last will or testament. That these terms have been by the courts construed in some instances to have interchangeable significance takes sanction rather from the use made of the terms by the legislative bodies of the respective states where such construction has been applied. (*In Re Campbell's Estate,* 27 Utah, 361, 75 Pac. 851; *Evans* v. *Price,* 118 Ill. 593, 8 N. E. 854.)

4. It is, we think, a general principle that technical

words and phrases having peculiar and appropriate meaning in law shall be understood according to their technical import. This rule, however, has its exception where words are used to express convertible terms in a statute, and where a court, seeking to carry out the will of the legislative body, applies to the terms the meaning that will give the most unrestricted scope to the enactment.

In the case of *Desloge* v. *Tucker*, 196 Mo. 587, 94 S. W. 283, the Supreme Court of Missouri, having under consideration the force and effect of a statute wherein it was provided that, on filing of petition for sale of real estate of a decedent, notice be published, provided, that where the heirs or "devisees" are residents of the county, notice shall be served on each, held, that the word "devisees" does not include legatees.

The statute of the State of California, as enacted in 1872 and for many years prevailing in that state, was quite analogous to our statute here under consideration. (Section 1310, Civil Code of California, 1903.)

In the *Matter of the Estate of Ross*, 140 Cal. 288, 73 Pac. 978, the supreme court of that state held that the statute did not apply to legacies, but simply to devises. There the court took occasion to remark:

"In the whole chapter on Wills (Civ. Code, secs. 1270–1377) the legislature has, with extreme care and technical accuracy, used the terms 'devise' and 'legacy' in their well-recognized common-law sense and distinction; the one as a testamentary disposition of land, the other a like disposition of personalty."

The court referred to the intendment of the legislature as made manifest by the several sections of the act wherein the terms "devise" and "devisee" and "legacy" and "legatee" were used "with legal exactness," and hence with the intention to employ them precisely as defined at common law. In that case the court applied the rule which we think applicable to the matter at bar:

"Where clear, direct, and explicit terms are used by the legislature, which have had a definite meaning since

the beginning of common-law terminology, there can be no room for discussion as to their meaning. Time has marked them too distinctly not to be clearly recognized and understood."

The court in that case commented on the fact that the legislature should have limited the application of section 1310 to devises alone, and refers to the fact that the act concerning wills as passed by the first session of the legislature of the State of California in 1850 set forth this section the same as it stood in the code in 1903.

It may not be out of place to remark here parenthetically that, inasmuch as many of the members of our territorial legislature of 1862 were former residents of the State of California, and as much of the statute law found to have been enacted by that session had its prototype in the State of California, it is not unreasonable to suppose that this section was taken, in substance, at least, from the statute of that state.

The decision of the Supreme Court of California in the *Matter of the Estate of Ross* was followed by a specific enactment of the legislature of the State of California, wherein the statute passed upon in that case was amended in 1905, and section 1310 of the Civil Code of California now reads:

"When any estate is devised or bequeathed to any child, or other relation of the testator, and the devisee or legatee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee or legatee would have done had he survived the testator."

In the *Matter of the Estate of Claus Spreckels* (Coffey's Prob. Dec. vol. 5, p. 348), Judge Coffey, referring to the original as well as to the amended statute of the State of California, commenting on the decision of the Supreme Court of California in the Ross case, *supra,* emphasized the assertion that the statute of California as it stood at the time of the decision in the Ross case admitted of no other construction, inasmuch as the use of the terms "devise" and "devisee," "legacy" and "legatee,"

all through the chapter on wills with legal exactness exhibited the intention of the legislature to employ them precisely as defined at common law, and hence the word "devise" as used in the former statute of California in the chapter pertaining to wills applied only in its common-law acceptation, and hence affected realty rather than personalty.

We are asked to give to the word "devise" a more modern significance, in order that it may apply interchangeably with the word "bequeath." Indeed, if we had the power of legislation, we might so declare, but such function is not ours. While we may be at a loss to know why the act of the legislature was so worded, we cannot change the words or alter the policy. It has stood all of these years unamended, and we are bound to construe the term in accordance with the intendment of that branch of the government as best we may ascertain that which was the intendment.

The authorities found on the subject are quite well divided; the one line holding strictly to a common-law interpretation of the terms here involved; the other, giving the terms interchangeable significance, base their reasoning upon the intention of the legislature as expressed in the several legislative enactments.

As was indicated in the Ross case by the Supreme Court of California, so here we may say, if our legislature by the language used in the act pertaining to wills had used the terms "devise" and "bequeath" indiscriminately or with interchangeable meaning, we would be inclined to follow that line of decisions which holds that the term "devise" may comprehend a conveyance by will of personalty as well as realty. But the legislative intendment is our lodestar in applying and construing statutory enactments, and we find nothing in this statute that would cause us to believe that the legislature used the term in other than its common-law significance.

The decree of the lower court must be affirmed.

It is so ordered.