Appeal from Third District.

## RUMEL v. SOLOMON, et al.

No. 3204.   Decided November 14, 1918.   On Application for Rehearing April 22, 1919.   (180 Pac., 419.)

1. WILLS—CONSTRUCTION—INTENT.  In construing a will, intention of testator will be given effect.[1]   (Page 29.)
2. WILLS—CONSTRUCTION—MEANING OF WORDS.  Where it conclusively appears from the will that the words "devise" and "bequeath" are used interchangeably, they will not be given their usual technical construction.   (Page 30.)
3. WILLS—CONSTRUCTION—SPECIAL DEVISE.  Where testator made a special devise of specifically mentioned real estate, and there is nothing in will which expressly or by implication onerates the real estate so devised with the burden of paying general legacies given by subsequent paragraph, such real estate passed free from any claim of the beneficiaries mentioned in such subsequent paragraph.   (Page 30.)
4. WILLS—CONSTRUCTION—DEVISE—CHARGES.  The expression of one limitation upon the gift in the paragraph containing such gift by necessary implication and construction excludes or negatives the intent of the giver to burden or attach to such gift any other or additional limitations or burdens.   (Page 30.)
5. WILLS—CONSTRUCTION—SPECIAL DEVISE—CHARGE.  Where a special devise of specifically mentioned real estate was made subject to rights of testator's son and daughter to occupy it during life of daughter and during son's care of testator's estate, legacies given in subsequent paragraphs will not be construed a charge upon such land.   (Page 30.)
6. WILLS—CONSTRUCTION—SPECIFIC DEVISE—CHARGE—PRESUMPTION.  Where there is a more general charge of legacies on testator's real estate after a specific devise, the charge is to be construed, in the absence of anything to show a contrary intent, as applying only to real estate not specifically devised, although capable of being construed as applying also to the real estate specifically devised; the presumption in such case being that the testator intended devisee to have the real estate as given.   (Page 32.)

[1] In re Campbell's Estate, 27 Utah, 365, 75 Pac. 851.

Appeal from the District Court of Salt Lake County, Third District; Hon. Geo. F. Goodwin, Judge.

Action by Orson P. Rumel, administrator, against Alfred Solomon and Joseph F. Smith, trustee.

Defendant Joseph F. Smith, trustee, filed special and general demurrer, and upon plaintiff's refusal to plead further after court had sustained general demurrer, court dismissed action as to such defendant, and from the judgment plaintiff appeals.

AFFIRMED.

*N. V. Jones,* of Salt Lake City, for appellant.

*King, Straup, Nibley & Leatherwood,* of Salt Lake City, for respondent.

GIDEON, J.

Plaintiff, as administrator with the will annexed of the estate of Alonzo H. Raleigh, deceased, by this action asks the judgment of the court that the defendant Smith accepted the real estate described in the complaint as trustee for the Church of Jesus Christ of Latter-Day Saints burdened with the trust provided in the will of the deceased for the payment of certain legacies; that such defendant holds the value of said real estate in trust for certain beneficiaries; that the value of the real estate at the time of the alleged distribution be ascertained; and that each of the defendants be held liable to the plaintiff for such value.

Defendant Alfred Solomon is one of the original executors of the will, and, as such executor, it is alleged was a party to the distribution of the real estate to his codefendant.

From the amended complaint it appears that the deceased died testate in Salt Lake City on the 13th day of May, 1901, and that thereafter, in January, 1902, his will was admitted to probate, and the executors therein named, William Asper and the defendant Alfred Solomon, qualified as such, and continued in that capacity until the death of Asper, which occurred on the 13th day of June, 1910; that thereafter, on the 24th day of January, 1914, the letters testamentary issued to Solomon were revoked by the district court; that on a later

date the plaintiff was named by said court as administrator of the estate with the will annexed. It further appears that in March, 1902, lot 1 in block 114, plat A, of Salt Lake City survey being part of the premises of the estate of the deceased, was, by what is termed a "partial distribution,"· turned over to the defendant Smith as trustee, and thereafter, in June of that year, upon a report made to the district court, said distribution was confirmed by order of that court. A copy of the will is attached to the complaint and made a part of the same. Its provisions, so far as material here, are as follows:

"2nd. I direct that my executor's hereinafter named, as soon as they have sufficient funds in their hands, to pay my funeral expenses and debts, and the usual monthly allowance to my family, in accordance with my custom of late years, which may afterwards be increased or diminished as may seem meet to my said executors.

"3rd. I direct for the above named purposes as well as for the full settlement of my estate, I authorize and empower my acting executors, the survivor or survivors of them to sell at private or public sale my real estate or so much of it as may be necessary and to convey in fee simple without liability on their part; to see to the application of the purchase money as hereinafter directed.

"4th. All my estate, real and personal, whatsoever or wheresoever, after paying all my debts I give and devise to my executors who shall act under this will, and to the survivors or survivor of them with the power of sale aforesaid, upon the trust following: In trust, to take and hold the same and to pay over the net income thereof to and for the uses and benefits of the persons hereinafter named, and to make distribution of the principal and proceeds of sale thereof as hereinafter directed, excluding any child or children for bad conduct.

"1st. Lot (1) one in block (114) one hundred and fourteen plat A, Salt Lake City survey together with all the appurtenances thereunto belonging or in any wise appertaining I bequeath and direct that it be given to the Church of Jesus Christ of Latter-Day Saints forever, the rents issues and profits thereof be applied in building and maintaining of temples but I also direct that my son Jacob T. Raleigh and my daughter Caroline C. Raleigh Wells occupy and have the joint possession and the use and benefit of the above described property without impeachment or waste, she during her natural life and he during his attention to my family affairs as compensation and no other, unless the said church shall elect to give him a site on which to build and inherit and if the said son does not accept such trust or do the duties thereof to the

satisfaction of my said executors, I direct and empower them to appoint some other one of my sons who shall perform the duties and inherit the blessing."

The second and third subdivisions of paragraph 4 of the will give certain real property described to different members of deceased's family, and in such subdivisions the word "bequeathed" is used.

The fourth subdivision of paragraph 4 is as follows:

"4th. I direct my executors to set apart, invest and keep at interest a sum the annual interest on which shall equal the sum of five hundred and seventy-six dollars, to be expended for the support of my daughters Caroline C. Raleigh Wells, and Maria E. Raleigh Wood, when otherwise unprovided for, and my son David P. Raleigh such accruing interest to be paid equally to each of them or for their support, sixteen dollars monthly by my executors as it accrues, or as they severally need it during their otherwise unprovided for condition respectively during their lives, and at the death of any one of them, his or her interest may be disbursed as it accrues to any indigent one or more of my children, or used for repairs upon any property in this will bequeathed, as to my executors may seem best."

Subdivision 5 not material here.

"6th. All the rest residue and remainder of my property bequeathed to my executors, after satisfying all the foregoing provisions, I direct shall be kept at usury and only so much of the interest on principal expended as may be necessary for the support and education of my minor children during their minority respectively, and the support of my said wives, for taxes and insurance, repairs and improvements on property hereinafter named, also reserving a reasonable sum for compensation as executors of this will.

"7th. When all my children shall have attained their majority, and upon the death of my said wives I direct my executors to make a full and final distribution of all property of my estate remaining then in their hands, or under their control after paying all debts and otherwise complying with the directions hereinbefore contained. * * *"

There are other allegations in the complaint charging the defendant with knowledge of the provisions of the will at the time of the so-called partial distribution; that the value of the real estate so distributed was $20,000; that no part of the funds of the estate was ever invested by the executors as directed in the fourth subdivision of paragraph 4 for the

benefit of the beneficiaries named therein, or for any other
purpose; that the plaintiff, as administrator, has no funds in
his possession, received no funds or other property from his
predecessor, executor of the will, and that there are now no
funds or other property belonging to the estate from which
to pay such legacies, and that none of the beneficiaries men-
tioned therein have received any assistance of any nature
from the estate for eight years prior to the filing of the com-
plaint. There are other allegations in the complaint which
are sufficient to entitle plaintiff to relief if it shall be deter-
mined from the will that the legacies provided for in the
fourth subdivision of paragraph 4 constitute a lien or burden
upon the real estate in question in this action.

To this amended complaint defendant Smith filed a special
and general demurrer. The court sustained the general de-
murrer, and, plaintiff refusing to amend, further judgment
was entered, dismissing the action as to that defendant. From
that judgment plaintiff appeals to this court, and assigns as
error the holding of the court in sustaining the general de-
murrer.

The right of the plaintiff to recover depends upon the de-
termination of the question whether the legacies provided for
in the will are a charge upon the land bequeathed to the
Church of Jesus Christ of Latter-Day Saints in the first sub-
division of paragraph 4 of the will, being the land in con-
troversy in this action. If this contention is held adversely
to the plaintiff, the other questions presented become im-
material.

The will is inartificially drawn, and some of its provisions
apparently are inconsistent. However, as was said by
this court *in Re Campbell's Estate*, 27 Utah, 365, 75
Pac. 851, the intent of the testator is the polar star
which should guide the court in its decision. It seems to us
that it is evident from a reading of the entire provisions of
the will that the testator at the time of making the will felt
sure that he had sufficient property to carry out all of its pro-
visions and to provide for the payment of the legacies men-
tioned in said fourth subdivision without in any way making

the same a charge upon the real estate mentioned in the will preceding that subparagraph. That is further evidenced from the sixth subdivision following, wherein the testator provides that all the remainder of his property bequeathed to his executors after satisfying all of the foregoing provisions should be kept at interest or usury and the interest only used for the purposes mentioned.

It is true that by the third paragraph of the will full power is given to the executors, or the survivors of them, to sell the real estate belonging to the estate at public or private sale and to see to the application of the purchase money as therein directed. It is also true that by the fourth paragraph the title to the real estate as well as the personal property was vested in the executors, in trust, however, for the purposes mentioned in the subsequent parts of the will. The fact of giving or devising the legal title to the executors does not, in my judgment, in any way affect the other provisions of the will, or aid in determining the testator's intent. The title is given to the executors in trust, to be by them conveyed or transferred to the beneficiaries named burdened with or released from other legacies mentioned in the will as though that paragraph were not in the will at all.

It conclusively appears from the different provisions of the will that the words "devise" and "bequeath" are used interchangeably, and should not be limited to the usual technical construction of those words. In the 2-5 sixth subdivision above mentioned, the testator refers to the property "bequeathed" to his executors, whereas in the gift itself in the third paragraph he had used the word "devise." It is quite evident that the testator intended to and did by subdivision 1 make a special devise or gift of the real property therein mentioned. There is nothing in that paragraph, or in any of the other provisions of the will which either expressly or by necessary implication onerates the real estate so devised with the burden of paying the legacies mentioned in general terms in a subsequent paragraph. It must therefore be held, under the generally accepted canons of construction, that such real estate passed free from any claim on the part

of the beneficiaries mentioned in said fourth subdivision, or any of the other burdens or legacies mentioned in the will. Furthermore, in giving the property in question, it appears from that paragraph, and as a further reason why the contention of appellant cannot be correct, that the gift of that property to the church was limited and made subject to the rights of his son and daughter mentioned therein to occupy it and have the use and benefit of the same during the natural life of the daughter and during the life of the son so long as he attended the affairs of his father's estate. In other words, the expression of one limitation upon the gift in the paragraph containing such gift by necessary implication and construction excludes or negatives the intent of the giver to burden or attach to such gift any other or additional limitations or burdens. , *Newsom* v. *Thornton*, 82 Ala. 402, 8 South. 261, 60 Am. Rep. 743; 1 Underhill, Law of Wills, section 396; 40 Cyc. 2028-2030.

The second and third subdivisions of testator's will, not quoted above, give to his two families each separate pieces of real property, and the same words are used in those paragraphs, to wit, "bequeath," as are used by the testator in the first subdivision in giving the property mentioned therein to the. church. The said second and third subdivisions give to the two families of the testator the homes in which they reside. The construction contended for by plaintiff would burden that property with the payment of the legacies provided for in the said fourth subdivision. I am thoroughly convinced that no such intention was in the mind of the testator at the time of the execution of the will, and that such intent does not appear from the reading of the will itself.

I do not understand that the appellant controverts the accepted rule of construction that "land specially devised is not liable for the payment of legacies unless they are charged therein by the will, either expressly or by necessary implication." He does, however, insist that the rule is not applicable under facts such as appear here. We have seen, however, that the intention of the testator was to make a special devise by the provisions of the first subdivision of paragraph

4, and appellant's contention in that regard cannot therefore be maintained.

Furthermore, it appears by the subsequent provisions of the will immediately following subdivision 4 that the testator was the owner of other real estate not specifi-        6 cally devised to any one, but was reserved for building sites for his sons should they desire to reside thereon.

"But where there is a more general charge of legacies on the testator's real estate after a specific devise, the charge is to be construed, in the absence of anything to show a contrary intent, as applying only to real estate not specifically devised, although capable of being construed as applying also to the real estate specifically devised the presumption in such case being that the testator intended the devisee to have the real estate as given." 40 Cyc. 2030.

It is to be regretted that the three children, beneficiaries mentioned in the said 4th subdivision, who are alleged in the complaint to be incompetent, must be deprived of such comfort as they might receive from the property accumulated by their father and which it would be natural to suppose it was the desire of their father that they should have. But, as we gather his intent from his will there seems to be no escape from the conclusion that the court below was right in sustaining the general demurrer.

It follows that the judgment of the district court must be affirmed. Such is the order.

FRICK, C. J., and McCARTY, CORFMAN, and THURMAN, JJ., concur.

ON APPLICATION FOR REHEARING.

GIDEON, J.

Appellant has filed a petition for rehearing. The same is accompanied by an able argument of counsel in which it is urgently pressed upon this court that the construction of the will of the deceased in the opinion does violence to the manifest intent of the testator; that from an analysis of the various provisions of the will it is evident that the tes-

tator intended by the second and third provisions to burden the property in question with a trust for the support of the members of his family mentioned in subdivision 4 of paragraph 4 of the will. It would avail nothing to review or state in detail the reasons upon which our former conclusions were based. A re-examination of the entire will confirms our former conclusion that there is nothing in the will to justify the contention of appellant that the premises given to the church in subdivision 1 of the 4th paragraph were intended to be burdened with any trust whatever except that mentioned in the subdivision itself. I entertain no doubt that the testator intended to provide for the support of his family but it is also without doubt that at the date of making the will he was confident that he had ample property to provide for the other beneficiaries mentioned and at the same time give to the church of his choice for the purposes mentioned, the land described in that subdivision; that it was never in the mind or contemplation of the testator that any property specially mentioned or attempted to be given away by the terms of the will should be burdened with any trust in favor of other beneficiaries. That he was in error respecting the value of his property cannot be of assistance in attempting to arrive at his intent. The petition for a rehearing is denied.

CORFMAN, C. J., and FRICK and THURMAN, JJ., concur.

McCARTY, J., died pending consideration of petition for rehearing.