This is an appeal from the district court of Choctaw county.
Bella M. Gibbons died December 4, 1937, a resident of Choctaw county, Okla. Her will, dated March 6, 1930, and a codicil thereto, dated October 21, 1936, were duly admitted to probate by the county court of Choctaw county. From the decree of distribution, an appeal was taken to the district court.
The will of Bella M. Gibbons, omitting formal parts, is as follows:
"II. I hereby nominate and appoint Sallie M. Grantham, or heir, a citizen of the United States, as my executor and it is my desire that she not be required to give a bond.
"III. I give and bequeath to my beloved sister, Sallie M. Grantham, all my household effects, personal property, goods, money and notes, real estate and jewelry that I may have at my death.
"V. To my beloved nephews, Byron McCallum, Gus McCallum, David McCallum Gratham, I bequeath one dollar apiece. To my beloved nieces, Jessie Belle McDonald and Sadie McCallum Wylie, I bequeath one dollar apiece."
The codicil, omitting formal parts, is as follows:
"This is to certify that I am still in my right mind and that as Sallie M. Grantham died last June, it is my desire that Rev. R.M. Firebaugh be appointed administrator to fill the place she left, and that the will stand as written."
The lower courts ordered the payment of $1 to each of the five nephews and nieces, as provided in the will, and distributed the balance of the estate to the appellee, David McCallum Grantham, the only child of Sallie McCallum Grantham, deceased, and one of the named nephews of Bella M. Gibbons, deceased. Byron McCallum, Gus McCallum, Jessie Belle McDonald, and Sadie McCallum Wylie, the other named nephews and nieces, perfected this appeal therefrom.
Pertinent statutes are 84 O. S. 1941 § 142, which provides:
"When any estate is devised to any *Page 379 
child, or other relation of the testator and the devisee dies before the testator, leaving lineal descendants, such descendants take the estate so given by the will, in the same manner as the devisee would have done had he survived the testator."
And 84 O. S. 1941 § 177, which is as follows:
"If a devisee or legatee dies during the lifetime of the testator, the testamentary disposition to him fails, unless an intention appears to substitute some other in his place, except as provided in section 8922 (142)."
The appellants take the position that section 142, supra, applies only to real property, and that since the estate involved herein consists solely of personal property the bequest to Sallie McCallum Grantham failed with her demise by reason of section 177, supra; that the estate should have been distributed equally among the five nephews and nieces, they being the surviving heirs of the testator. Specifically, it is contended by the appellants that the Legislature used the words "devised" and "devisee" in their exact technical legal sense in section 142, supra, and not in their ordinary sense.
Appellants also contend that the execution of a codicil referring to a previous will has the effect to republish the will as modified thereby and is tantamount to the making of a new will which speaks of the date of the codicil or republication; and that in order for another to be substituted under the provisions of 84 O. S. 1941 § 177, for the original devisee or legatee who died during the lifetime of the testator, the intention to substitute must have been declared in an unequivocal manner.
84 O. S. 1941 § 57, provides:
"The execution of a codicil referring to a previous will has the effect to republish the will as modified by the codicil."
The execution of a codicil to a will operates as a republication of the will and the two are to be regarded as forming but one instrument, speaking from the date of the codicil. See In re Pence's Estate, 117 Cal.App. 323,4 P.2d 202; In re Matthews' Estate, 176 Cal. 576, 169 P. 233; In re Street's Estate, 138 Okla. 115, 280 P. 413.
By virtue of section 177, supra, if a devisee or legatee dies before the testator, the devise or bequest fails unless an intention appears to substitute some one in the place of the devisee or legatee named.
Construing the original will and the codicil together, does it appear, as it was held by both lower courts, to have been the intention of the testator that the only child of the original legatee be substituted for the legatee designated in the will?
84 O. S. 1941 § 152 provides:
"In case of uncertainty, arising upon the face of a will, as to the application of any of its provisions, the testator's intention is to be ascertained from the words of the will, taking into view the circumstances under which it was made, exclusive of his oral declarations."
84 O. S. 1941 § 160 provides:
"Of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy."
From all the foregoing facts and circumstances, we know that Bella M. Gibbons did not intend to die intestate; that she preferred that her sister, who was living at the time of the execution of her will, take her entire estate; that her sister was living at the time she made her original will; that her knowledge of the sister's death caused her to execute a codicil to her will; that she knew her sister had a child or heir; that she did not change the beneficiaries of her will by the codicil; that she expressed the desire in the codicil that the beneficiaries under the will should remain the same.
We must presume that she knew the legal status of her sister as a beneficiary under her will at the time of the execution of the codicil; that she knew that her sister, having predeceased her, could not take under the will; that the bequest *Page 380 
to her sister would fail unless an intention on her part appeared to substitute another in her stead unless the sister fell within the exception provided by section 142, supra; that she knew she would otherwise die intestate by reason of the failure of the bequest to her sister.
Reading the will and codicil together as of the date of the execution of the codicil, we cannot escape the conclusion that the testator, Bella M. Gibbons, intended that the only child of her sister should be substituted for her sister as the principal legatee under her will, and that such intention appears on the face of the will as republished under all the circumstances surrounding the execution of the codicil.
See Davis' Heirs v. Taul, 36 Ky. 51. In that case the testator appointed one of his sons executor and left him 120 acres, leaving the balance of his estate to other members of his family. A short time after the execution of the will the named executor died leaving certain heirs. After his death the testator added a codicil to his will in which he states the death of his son who had been appointed executor, appoints another son executor to the above-mentioned will. After the testator's death the other heirs took the position that the devise to the deceased son lapsed because he predeceased the testator. Therein the court said:
"The question then is, what is the intention of the testator, and has he so manifested that intention as that it may be carried into effect? and this question is to be determined by the language and circumstances apparent on the face of the will. Applying these principles to the present case, it is manifest that, if the will had stood without the codicil, the devise to William Davis must have lapsed, because there was nothing in the will to show the intention that his heirs should take otherwise than by descent from him. But the codicil was a republication of the will, and the whole is to be construed together, as if the will had then been written and executed. And the devise in question is to be taken as if it had contained the recital of the death of William, and had then given to him and his heirs the tract of land mentioned. If this had been the actual form of the devise, there could have been no doubt that the testator intended the heirs of William to take immediately under the will, as purchasers, and not by descent from William, which would have been impossible.
"In such case, the devise to William would have been evidently void, and must have been so understood by the testator, and the only devise would have been to his heirs, who, as has been often decided, might take as purchasers by that general application. And so, as we think, must the present devise when connected with the codicil, be understood. The question is not whether the devise is void by matter subsequent, or unknown to the testator; but whether, upon the face of the will, it is void, because William Davis is there stated to be dead. It is a universal rule that every instrument shall be so construed as that it shall rather stand than fall, if such construction can reasonably be made. On this ground, and because it is in fact manifest that the testator did not, at the republication of his will, intend that William should take first, and that his heirs might take after him; but that, if he intended the devise to be effectual at all, which must be presumed, he intended the heirs to take by it, and not by descent from William, and because the language used may, and, under the circumstances, does import such intention, we not only feel at liberty, but feel bound to construe this as a devise to the heirs of William."
In view of our conclusion in this respect, it is unnecessary to discuss the proposition of appellants that section 142, supra, applies only to real estate, and this question is reserved.
Judgment affirmed.
CORN, C. J., GIBSON, V. C. J., and OSBORN, BAYLESS, and DAVISON, JJ., concur. RILEY and HURST, JJ., dissent. WELCH, J., absent.