**J. W. O'NEAL, Plaintiff in Error,**

v.

**Richard JAMES, administrator with will annexed of the Estate of Irving H. Lanyon, deceased, Defendant in Error.**

No. 37451.

Supreme Court of Oklahoma.

May 28, 1957.

Rehearing Denied July 2, 1957.

**890**

P. D. Erwin, Chandler, Tomek & Tomek, David City, for plaintiff in error.

Richard James, Stroud, for defendant in error.

PER CURIAM.

This is an appeal from the order of the District Court of Lincoln County confirm-ing the sale of real estate in probate pro-ceedings involving the will of one Irving H. Lanyon, deceased. The decedent, a resident of the State of Nebraska at the time of his death, owned 160 acres of land in Lincoln County, Oklahoma, the sale of which constitutes the origin of the issues here.

Decedent's will was first admitted to pro-bate in Nebraska. Thereafter in ancillary proceedings initiated in the Lincoln County Court the will was by a decree of probate of a foreign will dated September 15, 1952, admitted to probate in that county with provisions for letters of administration with will annexed to issue to Richard James, and he, as administrator with will annexed of the Estate of Irving H. Lanyon, de-ceased, is here defendant in error.

Subsequent to the admission to probate of the decedent's original will, the Lincoln County Court admitted a purported codicil thereto to probate by separate order and letters of administration with will annexed were issued to Richard James. An appeal was taken from the action on the codicil but not as to the admission to probate of the original will. Pending the appeal on the codicil to the District Court, Richard James, as administrator with will annexed, acting under the purported authority of the will, entered into a contract for the sale of the land and sought confirmation of the county court which was granted and confirmed by the district court on appeal from which order of the district court this appeal is taken.

J. W. O'Neal, plaintiff in error, was named as a beneficiary under the above mentioned codicil. After appearing with counsel before both the county court and district court in opposition to confirmation of the sale of the land, he appeals, urging error under three propositions, which in substance are: That the administrator had no authority to sell during the pendency of the appeal on the codicil; an administrator with will annexed had no authority of sale under power granted to the executor in the will; and, a sale by an administrator should not be confirmed where there is a proba-

bility of receiving a greater price for the real estate.

For convenience we will refer to the plaintiff in error as the protestant and the administrator, defendant in error, as defendant.

■ Argument of protestant under his first proposition is based primarily upon the provisions of Title 58 O.S.1951, § 731, reading:

> "§ 731. Appeal does not stay issue of letters

> "An appeal from the decree or order admitting a will to probate, or granting letters testamentary, or letters of administration, does not stay the issuing of letters where, in the opinion of the county judge, manifested by an entry upon the minutes of the court, the preservation of the estate requires that such letters should issue. But the letters so issued do not confer power to sell real property by virtue of any provision in the will, or to pay or satisfy legacies or to distribute the property of the decedent among the next of kin, until the final determination of the appeal."

Protestant points to authorities to the effect that a codicil is a part of the original will and has the effect of republishing the will as modified by the codicil, Title 84 O.S. 1951 § 57, and the two constitute one instrument, speaking from the date of the codicil, In re Giggons' Estate, 192 Okl. 378, 137 P.2d 928, 146 A.L.R. 1361. Arguing from this premise he contends that the entire will of the deceased had not been admitted to probate and accordingly under the provisions of the statute quoted the administrator had no authority to sell pending the appeal on the codicil. We cannot agree that the statute is effective to so limit the authority of the administrator under the facts of this case. The appeal was on the order admitting the codicil to probate. The will had been admitted and the order therefore had become final. Accordingly the will was subject only to such modification

as might be effected by a legal codicil thereto. The will in this case provided for liquidation of the estate and for distribution thereof in cash payments to the various beneficiaries. The codicil purported only to cancel a legacy of $1,000 to a hospital; to change a joint legacy of $5,000 to two nephews to a joint legacy of $1,000 and to grant a legacy of $4,000 to J. W. O'Neal (protestant), who was not named in the will.

■ In Johnson v. Johnson, Okl., 279 P.2d 928, 929, we said that:

> "A codicil is an instrument testamentary in character which supplements, adds to or qualifies an existing will and which is made by the testator to alter, enlarge, or restrict the provisions of the will or to explain, republish, or revoke it."

A codicil is not effective to revoke the prior will or to change the provisions thereof more than is absolutely necessary to give the provisions of the codicil effect and is ordinarily construed, as far as possible, as reaffirming and republishing the original will. In re Street's Estate, 138 Okl. 115, 280 P. 413. As stated by the Arkansas Court, "A codicil is not an entirely new will, but a postscript showing something added to original document * * *." Kinnear v. Langley, 209 Ark. 878, 192 S.W.2d 978.

It is obvious that if on final determination of the appeal from the order admitting the codicil to probate it should be held that the codicil was properly admitted, the only effect thereof will be to change a part of the bequests as provided in the original will. It is not disputed that by the terms of the will the estate of the decedent was to be sold and distributed in cash payments. While the statutory provision is to our view a necessary provision for the protection of parties coming within its designed protection, we do not find that the statute purports to, nor that it was the intention of the legislature, that the provision thereof should apply in a situation such as exists in this case. To hold that under the circumstances

of this case the administrator with will annexed was without authority under the statute to proceed with the sale of the land would be to place a strained construction upon the statute, contrary to its manifest purpose and would unduly interfere with the orderly and proper procedure of the county court in the administration of the estate preparatory to final disposition.

■ Under the second proposition it is contended that the administrator with will annexed had no authority to make the sale. As stated above, it was the intent and purpose of the testator, as expressed in the will, that the estate should be liquidated and distributed in bequests. The directions in the will to the executor named therein, The First Trust Company of York, Nebraska, was that it "take possession of my estate and all the property and assets thereof and, pending the liquidation thereof as hereinafter directed, to control and manage the same and collect the rents and incomes thereof; all to the uses and purposes hereinafter set forth; * * *". The directions to the executor stated in the will under the requirements of liquidation were that the executor, "at such times, for such prices and upon such terms as it shall deem prudent, to sell and convert all my estate, of whatsoever kind and wheresoever situate, into money * * *". We do not find from the provisions of the will in this respect support for the contention made that the power of sale in the will was given to the executor and not to "the legal representative of the estate." It was clearly the intent of the testator that the executor should proceed with the sale of the estate property in order that the only distribution to the beneficiaries authorized by the will, by cash payments, might be accomplished. The executor was charged with this duty and had no discretion on this point. We find nothing in the direction of the will reposing in the executor trust company any confidence not devolving upon any personal representatives of a decedent as the usual and ordinary confidence imposed and assumed. Title 58 O.S.1951 § 109, provides:

"Administrators with the will annexed have the same authority over the estates which executors named in the will would have, and their acts are effectual for all purposes. * * *"

We think the power imposed upon the executor by the will in this case was properly exercised by the administrator with will annexed under Section 109 of the statute.

The third proposition asserting error is based upon a probability of receiving a larger price than the $6,400 agreed upon in the contract for the sale. Protestant says that of the contradictory testimony given by two witnesses on each side of the question of value, that given by his witnesses greatly outweighs the other, and that by reason of his representation in a supplemental motion for a new trial, that evidence was available of enhanced mineral value reflected in events transpiring subsequent to the trial, the district court should have refused to confirm the sale.

It was shown on the part of the administrator that he had advertised the sale of the property in the newspapers and had received some twenty bids; that the purchaser's bid was $1,300 higher than any other; no minerals were discovered by a well drilled under an oil and gas lease on the property. The court's appraisers had valued the property at $3,600. There was testimony on the part of the administrator as to the value and it must be said that the evidence, as a whole, in support of confirmation of the sale tended to prove the sale legally made and fairly conducted and that the sum bid was not disproportionate to the value of the property.

The evidence on the part of the protestant consisted of two witnesses, who identified themselves as farmers. They testified to a valuation of $9,000 and $9,200, such greater valuation being based upon mineral value, attributed to the fact that there was some oil production one and one-half miles on the west and east. Subsequent to the trial an oil and gas well one and one-half miles to the southwest was brought in and it was upon this fact that protestant claimed ad-

ditional support for his contention in his supplemental motion for a new trial.

■■ The basis of protestant's claim of error under this proposition of error is that the trial court abused its discretion in confirming the sale in the first instance and refusing to grant a new trial in the second. Both parties to this appeal take the position, and rightly so, that the matter of confirmation was addressed to the sound discretion of the court. It was clearly within the duties and prerogatives of the administrator with will annexed to proceed with sale under the provisions of the will without the order of the county court, although it was necessary that return of sale be made and confirmation made before title passed. 58 O.S.1951 §§ 109 and 462.

■ It was for the county court and the district court on appeal to determine if the sale had been legally and fairly conducted, at a price not disproportionate to the value of the property bid and that a greater sum could not be obtained. 58 O.S.1951 § 428. We find that the evidence amply supports the action taken by both the county and district court in confirming the sale and that it cannot be said the weight of the evidence was contrary to the determination made in confirming the sale. Nor do we find under the record an abuse of discretion by the district court in refusing to grant a new trial.

Affirmed.

"This court acknowledges the services of the Supreme Court Commission in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD and approved by Commissioner JAMES H. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court."