John D. Bennett, S.
This is a proceeding for the construction of paragraph tenth of the will of decedent dated July 9, *177 1957, and paragraph sixth of the codicil dated September 29, 1958. The facts have been agreed to in a written stipulation on file in this proceeding.
Paragraph tenth of the will provides as follows: 1 ‘ All the rest, residue and remainder of my estate, I give, devise and bequeath to my brothers, buftjs websteb beiseb and hebbebt k. beiseb, share and share alike.”
Subsequent to the making of the will, on October 14, 1957, Herbert K. Beiser died. On September 29, 1958, when the testatrix executed the codicil, she knew that her brother, Herbert K. Beiser, was dead and that Phyllis Beiser Carlton, his daughter, survived him. At that time she expressed a strong dislike for the wife of her brother Herbert. She inquired if no changes were made in the will as to the provision for Herbert, whether Herbert’s wife would receive any part of her estate. The attorney informed the testatrix that Herbert’s wife would receive no part of her estate under the existing terms of her 1957 will, and testatrix told him she did not want to disturb anything and to leave that provision intact in the codicil. The name of Phyllis Beiser Carleton was never mentioned by the testatrix in connection with the residuary clause.
In the codicil of September 29,1958, paragraph sixth concludes with the following statement: 11 and I hereby give, devise and bequeath to my brothers, rufus websteb beiseb and hebbebt k. beiseb all the rest, residue and remainder of my estate.”
The question presented is whether the rest, residue and remainder goes to Rufus Webster Beiser solely, whether it goes half to Rufus Webster Beiser and half by intestacy, or whether it goes half to Rufus Webster Beiser and half to Phyllis Beiser Carleton, the daughter of Herbert K. Beiser. The last construction appears to be required to effect the intention of the testatrix.
If the testatrix had intended that all the rest, residue and remainder should go to her brother alone, she would have instructed her attorney to eliminate the name of Herbert from the will and would not have instructed him to leave the provision intact. She made inquiry as to how the property left to Herbert would pass, at least to the extent of inquiring whether or not Herbert’s widow would be entitled to share in it. While the name of Phyllis was not mentioned, the testatrix knew her to be the surviving daughter of Herbert. While Phyllis Beiser Carleton was married approximately 15 years prior to testatrix’ death, and lived in California continuously since then, she corresponded with testatrix and on the two or three occasions *178 when the said Phyllis Beiser Carleton was in the New York Metropolitan area, she visited the testatrix.
The court therefore finds that half of the residuary estate vested in Rufus "Webster Beiser and the other half vested in Phyllis Beiser Carleton. Not only do the facts and circumstances surrounding the execution of the codicil of 1958 lead to a conclusion that the testatrix intended that half of the residuary go to Phyllis Beiser Carleton, but the statutory provisions in section 29 of the Decedent Estate Law operate to the same effect.
It is very unusual to find a nomination bequest to a person known by the testator to be dead at the time of the execution of the dispository instrument. A somewhat similar situation is found in a decision of the Oklahoma Supreme Court of May 11, 1943 (Matter of Gibbons, 192 Okla. 378) where, by a divided court, a devise and bequest to a named sister was held to go to the surviving daughter of such sister where a codicil recited the sister’s death and directed that11 the will stand as written ”.
Had the attorney who prepared the codicil omitted the reiteration of the rest, residue and remainder clause, there would be no doubt that, under section 29 of the Decedent Estate Law, half of the residue would have gone to Phyllis Beiser Carleton as the only child of Herbert. The insertion of the provision of the will in the codicil does not indicate any intention on the part of the testatrix to dispose of the residue in any other way, especially in the light of her statement to leave that provision of the will intact.
The court therefore construes the will of July 9, 1957 and the codicil of September 29, 1958 to devise the residuary estate of the testatrix to Rufus' Webster Beiser and Phyllis Beiser Carleton, share and share alike.
Settle order in accordance herewith on five days ’ notice, with three additional days if service is made by mail.