[No. 1299.]

W. E. F. DEAL et al., Appellants, v. FRED SCHLOMBERG Respondent.

DISCHARGED FROM IMPRISONMENT UNDER CIVIL PROCESS — SUFFICIENCY OF EVIDENCE. — Respondent was discharged from imprisonment under the provisions of the "Act for the relief of persons imprisoned on civil process," (Gen. Stat., 3835–3844). Evidence reviewed and held sufficient to authorize his discharge. (See opinion for facts.)

IDEM — PLEADINGS — JUDGMENT—RES ADJUDICATA. — The complaint alleged a fraudulent removal and disposal of ten thousand dollars, and a fraudulent transfer of certain lands by defendant, and judgment was rendered against him. *Held*, that the judgment is not *res adjudicata* upon the question of the amount or value of defendant's property, as the character and value of the property disposed of was immaterial, except as tending to make the cause of action intelligible.

APPEAL from the District Court of the State of Nevada, Lyon County.

RICHARD RISING, District Judge.

The facts are stated in the opinion.

*W. E. F. Deal* and *R. H. Lindsay*, for Appellants.

*P. Reddy*, for Respondent.

By the Court, BELKNAP, J.:

This is an appeal from an order discharging respondent from imprisonment, made under the provisions of the statute entitled "An act for the relief of persons imprisoned on civil process." (Gen. Stat. 3835–3844.) He was imprisoned under an execution issued upon a judgment rendered against him for the amount of money demanded by the complaint, and adjudging him guilty of a fraudulent disposition of his property. It is claimed that the evidence adduced at the trial was insufficient to justify the order of discharge. Imprisonment, in cases of this nature, is resorted to for the purpose of coercing the debtor to surrender property supposed to be fraudulently withheld, and not as punishment for the fraud. The statute (sections 3835–3844) contemplates that whenever a debtor's property subject to execution is not of the value of fifty dollars and the fact be made to appear to the satisfaction of the court, he shall be discharged from imprisonment. Respondent and his brother were lessees of the William Penn mine, located near Silver City, in Lyon county, for a period of about two years, commencing in the month of November, 1884. During this period they received as gross proceeds of their operations under the lease large sums of money, aggregating, according to the statement of respondent the sum of thirty-nine thousand two hundred and four dollars and fifty cents. Appellants place the receipts at fifty-seven thousand dollars, claiming that three thousand tons of ore were extracted, of the value of nineteen dollars per ton. Assuming appellants' figures to be correct, they represent a sum in gross. The ultimate fact was the amount of the profits, and to ascertain this the cost of mining and milling, together with such other charges and deductions as the returns may have been subjected to, should have been shown. There was no testimony, except respondent's, tending to show the amount of profits. He testified that at the close of the business he was possessed of the sum of ten thousand dollars. It must be admitted that it would have been more satisfactory if the fact could have been shown by entries in books of account showing the transactions of the business, but no books were kept. No evidence was offered tending to disprove respondent's testimony upon this point, and we think his figures were properly taken by the district court as

representing the amount for which he should account. Of this sum about four thousand dollars was lost in a real estate trans-action. The remaining six thousand dollars was given by respondent to his wife, who accounts for it (excepting the sum of five hundred and seventy-eight and fifty one-hundredths dollars) by an itemized statement made from memory. Some of the money was given to respondent for his use at the time, a portion was used to pay debts, and the remainder to defray the expenses of the family. These transactions ran through a considerable space of time, were completed nearly two years before the hearing, and no account was kept at the time. Respondent testified that he had no money, and his wife that all of the six thousand dollars received from her husband had been expended before his imprisonment. No account was given of the five hundred and seventy-eight dollars and fifty cents otherwise than in this general way, but the expenditures embraced many items, and under the circumstances it is not surprising that the details could not be more fully explained. The order of discharge implies a finding of fact by the district court that respondent had not property of the value of fifty dollars subject to execution, and the foregoing evidence supports the finding. It is also claimed that the judgment is conclusive upon the question of defendant's property at the time of the trial. The complaint alleges a fraudulent removal and disposal of the sum of ten thousand dollars, and also a fraudulent transfer of certain lands. It is said that, as the judgment was against the defendant, it is *res adjudicata* as to his ownership of this property, and that he should have been required to account for it. The material matter was the fraudulent disposal of property, and its character or value was immaterial except as tending to make the cause of action intelligible. Plaintiffs could have maintained their case by proving a fraudulent concealment or disposition of a part only of the property described in the complaint, and, as this could have been done, it follows that the judgment is not conclusive upon the subject of the amount or value of defendant's property. The order of the district court is affirmed.

MURPHY, J., did not participate in the foregoing decision.