## PAUL *v.* WILLIAMS *et al.*

(*Supreme Court, General Term, First Department.* March 13, 1891.)

WILLS—CONSTRUCTION.

Under a will the executors were directed to pay over to trustees a specific sum, with interest thereon from testator's decease, to be invested and held in trust for the benefit of testator's daughter, and "the interest or income thereof to be paid over by them to my said daughter semi-annually, as the same shall be received by them, as long as she shall live." *Held,* that the only interest to be paid to the daughter was the interest derived from the investment of the money received by the trustees from the executors, and not the interest which had accrued on the sum while in the hands of the executors.

Appeal from special term, New York county.

Action by Margaretta Meyer Paul against William H. Williams and Thomas K. Egbert, as trustees under the will of Christopher Meyer, deceased. From a judgment dismissing her complaint the plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Blair & Rudd,* for appellant. *Miron Winslow,* for respondents.

VAN BRUNT, P. J. This action was brought to obtain a judgment that the defendants, as trustees for the plaintiff under the will of Christopher Meyer, deceased, pay over to the plaintiff some $18,000, being a part of the sum of $218,000 which was paid to the defendants as such trustees by the executors of the last will and testament of said Meyer, and claimed to have been in accordance with the provisions of the fourth subdivision of the second paragraph of his will. This paragraph is as follows: "(4) I will and direct that my said executors and trustees shall out of the proceeds of my said real and personal estate so devised and bequeathed to them in trust as aforesaid, as soon after my decease as it can conveniently be done, pay over to my son John C. Meyer, and my friend William H. Williams, of the city of New York, attorney and counselor at law, the sum of two hundred thousand dollars, with interest thereon from the date of my decease, to be invested by them in bonds secured by first mortgages on real estate in the city of New York, or in bonds of the United States, or in first mortgage bonds of dividend paying railroads in the United States, to be held in trust by them for the benefit of my daughter, Margaretta, and the interest or income thereof to be paid over by them to my said daughter semi-annually, as the same shall be received by them, as long as she shall live. My said daughter shall have the right to dispose of the said principal sum so devised in trust for her benefit by her last will and testament; but, if she shall fail to make any testamentary disposition of the same during her life-time, then, upon her decease, the said principal, with any accrued interest thereon not disposed of for her benefit, shall lapse, and become a part of my residuary estate, to be disposed of and go as hereinafter provided for the residue and remainder of my estate." The testator died in July, 1888, and his will was duly admitted to probate in the orphans' court of Middlesex county, N. J., and on the 1st of May, 1890, the executors paid to the defendants, as trustees for the plaintiff under said will, the sum of $218,732.22, being $200,000, with interest from the death of said Meyer. The plaintiff, who is the daughter named in the fourth clause of the will, claims that the defendants should pay to her the amount of said interest, and this is the sole question involved in this appeal.

It is urged upon her behalf that it was the intention of the testator to secure to her the interest upon such legacy prior to the time when it should be paid over to the trustees, and that it was the testator's desire thus to provide for the wants of his daughter for the period between the time of his decease and the time when the trustees named in the will could claim from the executors the payment of the funds which constituted the trust. We fail to see how such an interpretation can be placed upon the language of the will under consideration. Had the testator set aside particular securities which were yielding an income, which should constitute her portion which was to be transferred to trustees in the course of administration, then, perhaps, a different rule might prevail, because there would be no intention of the testator, under such circumstances, that the income of the securities should remain in his estate, the principal being transferred to the trustees; and it might be fair to assume,—the provision being made by the father for the support of his daughter,—that it was his intention that the income should belong to his daughter from the time of his death. But in the will under consideration the circumstances are entirely different. A specific sum, with interest, is devised to the trustees, which they are to hold and invest, the income of which is to be paid over by them to his daughter semi-annually, as the same shall be received by them, as long as she shall live. It was entirely unimportant as to what income the estate might derive from its fund during the period they were required to be held by the executors. They were bound to pay over to the trustees of the daughter the $200,000 and interest, and consequently the interest became that which was allowed by law, no less and no greater, entirely independent of the income of the estate. There was no particular prop-

erty out of which this $200,000 and interest was to be taken. It was to be paid over in money taken out of the estate and applied to the uses of the trust created in that provision of the will. The executors had no power under the will to pay the interest to the daughter. They are directed to pay it to the trustees, and the trustees are directed to invest the $200,000 and interest received from the executors, and pay the income thereof to the daughter. There is no authority upon the part of the trustees to pay any portion of the sum which they received from the executors to the daughter. It is only the income to be derived from the investment thereof by them that they are authorized to pay. It seems to be apparent that the only interest which was to be paid over to the daughter during her life-time was the interest or income which might be derived from the investment of the money received by the trustees from the executors. There is nothing in the other portions of the will which indicate any different intent upon the part of the testator; and it would be distorting plain and unambiguous language to attempt to ascribe to the testator an intention which he has nowhere even hinted at, much less attempted to express. In view of the fact that the contingency of the lapse of time between his death and the payment of the legacy to the trustees was manifestly in the mind of the testator, and he has provided distinctly and without ambiguity for the result arising from such a lapse, we cannot say that his intention was different from that which he has expressed. The judgment should therefore be affirmed, with costs. All concur.