Matter of the Appraisal Under an Act in Relation to Taxable Transfers of Property of the Property of WILLIAM E. HOWELL, Deceased.

(Surrogate's Court, New York County, April, 1901.)

Transfer tax — When remainders are not presently taxable — L. 1899, ch. 76, § 1.

A testator gave his residuary estate to trustees to pay the income to his wife for life, after her death to divide it into equal shares for his then surviving children and to pay the income and so much of the principal of any share as they deemed advisable to each child and, upon the death of any such child, to convey or pay so much of his share, as remained, in the manner designated in his will, or, failing a designation, to his issue, if any, and if none, then to the survivor or survivors of the testator's children.    The widow and four children survived the testator and the appraiser reported that he could not "report" the names of the person or persons who would ultimately be entitled to the remainders.

*Held*, that the remainders were not presently taxable as it could not now be determined to whom they would ultimately be transferred and, in the absence of a transfer, there was nothing to tax.

APPEAL by the comptroller of the city of New York from an order made on the report of an appraiser fixing, assessing and determining the transfer tax upon said estate.

Julius Offenbach, for City Comptroller, appellant.

Sherman & Sterling, for executors.

THOMAS, S.   The comptroller of the city of New York appeals from an order made on the report of an appraiser fixing, assessing and determining the transfer tax upon the estate of William E. Howell.   The grounds of the appeal are that the report of the appraiser and the order of the surrogate failed to impose a tax upon the remainder interests in the trust fund created by and passing under the fourth paragraph of the will of the decedent, which reads as follows:   " All the rest, residue and remainder of my property, both real and personal, of every name, nature and description whatsoever and wheresoever situated, I give, devise and bequeath to the executors hereinafter named, in trust, however, for the uses and purposes following:   *First.* To apply the rent, profits and income thereof to the use of my said wife during her lifetime.   *Second.* Upon the death of my said wife, to divide the said trust fund into as many shares as I may then have children me surviving, and to apply the rent, profits and income of each share, and so much of the principal thereof as to my said trustees may seem advisable, to the use of the child for whom the same was set apart during the lifetime of such child, and upon the death of any such child, to convey, transfer and pay over so much of the principal of his share as may then remain, in such manner as may be designated by his last will and testament, or if he should make no such designation, then to his issue, if any, and if there be no such issue, then to the survivors or survivor of my children."   A widow and four children survived the testator, and the report of the appraiser fixes, and the order made thereon imposes, a tax on the estate of each of them, the correctness of which is not drawn in question.   It is, however, found by the appraiser that, after deducting from the principal of the testator's estate the values of the life interests of the widow and children, there are remainder interests of the value of $40,803, which he did not tax for the reason, as stated in his report, " I am unable to report the names of the person or persons who will ultimately be entitled to the remainder interests as above set forth."   The decedent died on the 19th day of July, 1899, and this proceeding is governed by the Transfer Tax Law, as amended in March, 1899.   Laws of 1899, chap. 76.   The amending statute provides among other things as follows:   " When property is transferred in trust or otherwise, and the rights, interest or estates of the transferees are dependent upon contingencies or conditions whereby they may be wholly or

28

in part created, defeated, extended or abridged, a tax shall be imposed upon said transfer at the highest rate which, on the happening of any of the said contingencies or conditions, would be possible under the provisions of this article, and such tax so imposed shall be due and payable forthwith, out of the property transferred; provided, however, that on the happening of any contingency whereby the said property, or any part thereof, is transferred to a person or corporation exempt from taxation under the provisions of this article, or to a person taxable at a rate less than the rate imposed and paid, such person or corporation shall be entitled to a return of so much of the tax imposed. and paid as is the difference between the amount paid and the amount which said person or corporation should pay under the provisions of this article, with legal interest thereon from the time of payment." It will be observed that the amendment does not assume to put any tax on the property of a decedent as such, and that it adheres to the general policy of the legislation in this State on this subject, to impose a tax upon the transfer. Neither does it change the rule which requires an appraisal of each interest transferred, and the fixing of the tax upon each interest, and the collection of the tax " out of the property transferred." The appraiser was unable to determine how many persons might, under the terms of the will of the testator, at some future time, acquire the remainder interests in the estate, or who those persons might be, or in what proportions they might take. The learned counsel for the comptroller does not suggest any answer to this difficulty, and the specification of objection in his notice of appeal is that a tax should have been imposed upon " the remainder interests." Such a tax would clearly be on the property, and not on the transfer. The difficulty is that no transfer of the untaxed remainder interests has been effected. A method by which ultimate ownership of those interests may be determined has been indicated; a transfer has been initiated which will eventually be consummated in one of its several possible forms, but the title to the property after the expiration of the life estates of the widow and the four children of the testator has not yet been transferred to or vested in any person whomsoever. To constitute a transfer there must be a transferee. To create a taxable transfer there must be person or corporation, capable of identification, who receives a transfer in such form that the tax on the

transfer may be paid " out of the property transferred." In the present case the ultimate title to the remainder interests is " in abeyance," and belongs to no one; they can be sold by no one and no tax can be paid out of them by anyone. If it be said that a transfer has been effected to the trustees, the plain answer is that their title is measured by their trust duties and by the rights of the beneficiaries under the valid trusts, and ends where that of the ultimate remaindermen begins. The statute must be enforced according to its terms or not at all. Since the only tax is one upon transfers, no tax can be imposed or collected unless a transfer is shown, and all doubtful questions must be solved in favor of the taxpayer and against the State. Matter of McPherson, 104 N. Y. 306; Matter of Enston, 113 id. 174; Matter of Vassar, 127 id. 1. By section 222 of the Transfer Tax Law the executors are personally liable for any tax imposed, and they must pay it out of the property transferred. They must not pay it out of the property transferred to the life beneficiaries, either in whole or in part, for their interests have already been fully taxed. To make the payments out of the principal of the estate would be to deprive the life beneficiaries of the income which the amount of the tax would produce. The learned counsel for the respondents suggests cases where the extent of the very obvious wrong and hardship of such a payment would be even greater than in the present one, but the facts of the estate now before me are sufficient to call for the application of a legal principle. The tax is to be paid " out of the property transferred," and only one tax is to be charged upon one transfer. To compel one person to pay from his estate a tax, or even a small portion of a tax, properly chargeable against the estate of another, is to do a thing not justifiable upon principle and not required by the statute. They may not pay it out of the remainder interests, for the reason that they have no control over such interests and no power is to be found in the will or in the statute, or could be granted by any court, to sell such remainder interests for the purpose of paying the tax, and be relieved from personal liability for such sale. The fact that no appraisal of the remainder interests can now be made is less important than it would be if it were not for the fact that, by section 222 of the Transfer Tax Law, as amended in 1897, and as it stood at the time of the death of the decedent, the tax on the remainder interests " shall accrue and become due and payable

Surrogate's Court, New York County, April, 1901. [Vol. 34.

when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof." The report of the appraiser and the order made thereon are affirmed, and the remainder interests, after the death of the widow and children of the decedent, are determined not to be taxable at the present time, but without prejudice to any proceeding for the taxation of such remainder interests, or any of them, when the persons eventually entitled thereto can be ascertained.

Report of appraiser and order affirmed.